**DANN v. COMPAGNIE-GENERALE TRANS-ATLANTIQUE LIMITED.**

Civ. No. 409.

District Court, E. D. New York.

Aug. 29, 1939.

Haight, Griffin, Deming & Gardner, of New York City (J. Ward O'Neill, of New York City, of counsel), for the Motion.

Isidore R. Gross, of Brooklyn, N. Y., opposed.

CAMPBELL, District Judge.

This is a motion for an order pursuant to Rule 37(d) of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, striking out the complaint of the plaintiff, James L. Dann, dismissing the action and entering judgment by default against the plaintiff on the ground that the said plaintiff has failed to answer the interrogatories addressed to him by the defendant, and for such other and further relief as to the Court may seem just and proper.

Defendant with its answer served upon the Attorney for the plaintiff twenty-five interrogatories, which it required plaintiff to answer in writing under oath.

Rule 33 provides as follows: "Rule 33. *Interrogatories To Parties.* Any party may serve upon any adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association, by any officer thereof competent to testify in its behalf. The interrogatories shall be answered separately and fully in writing under oath. The answers shall be signed by the person making them; and the party upon whom the interrogatories have been served shall serve a copy of the answers on the party submitting the interrogatories within 15 days after the delivery of the interrogatories, unless the court, on motion and notice and for good cause shown, enlarges or shortens the time. Objections to any interrogatories may be presented to the court within 10 days after service thereof, with notice as in case of a motion; and answers shall be deferred until the objections are determined, which shall be at as early a time as is practicable. No party may, without leave of court, serve more than one set of interrogatories to be answered by the same party."

Plaintiff did not answer in time, except to the interrogatories, or otherwise move.

There has obviously been a misunderstanding on the part of the Attorney for the plaintiff, as to the effect of the new Rules.

The failure of the plaintiff to except leaves him in a position where nothing is left for him to do but answer, but in any event the interrogatories seem to be proper, and they have not been answered.

Rule 37(d) provides as follows: "(d) Failure of Party to Attend or Serve Answers. If a party or an officer or managing agent of a party wilfully fails to appear before the officer who is to take his deposition, after being served with a proper notice, or fails to serve answers to interrogatories submitted under Rule 33, after proper service of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party."

Under that rule the Court may exercise discretion, which I do by requiring the plaintiff to answer the interrogatories.

The motion will be denied if plaintiff shall answer in writing under oath the interrogatories propounded by the defendant within fifteen days after service of a copy to be entered hereon on plaintiff's attorney, and if the plaintiff shall fail to answer the said interrogatories within that time, the motion will be granted.

Settle order on notice.