KRIM *v.* OSBORNE

1. DISMISSAL AND NONSUIT—MOTIONS—MOTION TO DISMISS—DIS-
COVERY—RULES—NONCOMPLIANCE.

Dismissal of a cause of action for failure to comply with court
discovery rules is within the discretionary power of a trial
judge (GCR 1963, 313.4).

2. DISCOVERY—COURT RULES—INTERPRETATION.

The Michigan court rule relating to a party's refusal to make
discovery and the possible consequences of that refusal is
based upon the federal rule of civil procedure dealing with
the same subject, and in the absence of any Michigan decision
interpreting the Michigan court rule, the state courts will turn
to the interpretation of the federal rule by the federal courts
(GCR 1963, 313.4; Fed Rules Civ Proc, 37(d), 28 USCA
[1968 Ed] App).

3. DISCOVERY—REFUSAL—COURT RULES—INTERPRETATION.

The purpose of the federal rule relating to the possible con-
sequences of a party's refusal to make discovery, which is the
source of the Michigan court rule, is to obtain compliance
with discovery rules, not to punish erring parties, and that
rule should be construed in a manner to secure the just,
speedy, and inexpensive determination of actions (GCR 1963,
313.4; Fed Rules Civ Proc, 37(d), 28 USCA [1968 Ed] App).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–7] Dismissal of action for failure or refusal of plaintiff to obey
court order. 4 ALR2d 348.
[1, 4, 5, 7] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit
§ 57.
23 Am Jur 2d, Depositions and Discovery §§ 256, 258.
[2, 3, 6] 23 Am Jur 2d, Depositions and Discovery § 144.

4. DISCOVERY—REFUSAL—COURT RULES—DISMISSAL AND NONSUIT—
DISCRETION.

Dismissals of causes of action under a refusal to make dis-
covery court rule are within a trial judge's discretion but
because of the drastic nature of such dismissals, that rule
should be applied only in extreme circumstances (GCR 1963,
313.4; Fed Rule Civ Proc, 37(d), USCA [1968 Ed] App).

5. DISCOVERY—COURT RULES—REFUSAL TO MAKE—WILLFUL FAILURE
—DEFINITION.

A party's failure to comply with a court discovery rule is will-
ful if it is conscious or intentional, not accidental or in-
voluntary, and, to be willful, that party's failure to comply
need not be accompanied by any wrongful intent (GCR 1963,
313.4; Fed Rules Civ Proc, 37(d), 28 USCA [1968 Ed] App).

6. DISCOVERY—COURT RULE—REFUSAL TO MAKE—CONSEQUENCES—
CONSTRUCTION.

A court rule relating to the possible consequences of a party's
refusal to make discovery should be construed to secure the
just, speedy, and inexpensive determination of every action so
as to avoid the consequences of any error or defect in the
proceedings which does not affect the substantial rights of
the parties (GCR 1963, 313.4).

7. DISMISSAL AND NONSUIT—DISCOVERY—COURT RULES—REFUSAL TO
MAKE—DISCRETION.

Dismissal of negligence action five years after it accrued was
not an abuse of discretion where plaintiff during that time
had either repeatedly failed, or had delayed, to comply with
court discovery rules regarding answering of interrogatories
and taking of depositions, and had neither supplied defendants
with his damages nor given to them any meritorious explana-
tion for his failure to do so (GCR 1963, 309, 313.4).

Appeal from Wayne, John B. Swainson, J. Sub-
mitted Division 1 October 10, 1969, at Detroit.
(Docket No. 6,814.) Decided November 25, 1969.
Leave to appeal denied February 4, 1970. See 383
Mich 765.

Complaint by Harry Krim against John Osborne
and Janice K. Osborne for damages resulting from

an automobile collision. Judgment of dismissal for defendants. Plaintiff appeals. Affirmed.

*Zeff & Zeff,* for plaintiff.

*Davidson, Gotshall, Halsey, Kohl, Nelson, Secrest & Wardle (George M. Clark,* of counsel), for defendant.

Before: FITZGERALD, P. J., and McGREGOR and V. J. BRENNAN, JJ.

McGREGOR, J. This is an appeal from a dismissal of an action in favor of defendants by the Wayne county circuit court. Litigation arose out of an automobile accident which occurred on July 17, 1963. Plaintiff filed his complaint and demand for jury trial on July 7, 1966; defendants filed their appearance and answers to plaintiff's complaint on September 23, 1966; on November 2, 1966, plaintiff's deposition was noticed but adjourned at plaintiff's request. Subsequent deposition dates were scheduled, namely: May 15, 1967, June 19, 1967, July 17, 1967, September 11, 1967; and all were adjourned at plaintiff's request.

On December 5, 1967, defendants filed a motion to dismiss, pursuant to GCR 1963, 313.4, on the ground that plaintiff willfully failed to appear for deposition.

"If a party or officer or managing agent of a party willfully fails to appear before the person who is to take his deposition, after being served with a proper notice or fails to serve answers to interrogatories submitted under Rule 309, after proper notice of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or

any part thereof, or enter a judgment by default against that party." GCR 1963, 313.4.

Plaintiff's deposition was re-noticed on December 14, 1967, and plaintiff did present himself on January 24, 1968. Thus, the praecipe for motion to dismiss was dismissed.

On January 31, 1968, seven interrogatories were submitted to plaintiff, per GCR 1963, 309, by GCR 1963, 313.4. When these were not answered, on June 5, 1968, defendants again filed a motion to dismiss for failure to answer interrogatories as provided by the indicated rule. On June 25, 1968, the answers to the interrogatories were filed.

On November 7, 1968, a motion for more certain answers to interrogatories and for production of documents was filed by defendants. This was argued on November 15, 1968, and plaintiff was allowed 30 days to comply with the motion.

On December 13, 1968, defendants again appeared before Wayne county circuit court and reported that none of the requested information had been forwarded.

On December 20, 1968, after notice and argument, the motion to dismiss was granted in favor of defendants. This was more than 5 years after the date of the accident, and more than 2-1/2 years after the date that the litigation was started.

The sole issue before us on appeal is whether the lower court's dismissal of plaintiff's cause of action constituted an abuse of the court's discretionary power. Since no Michigan decision heretofore has dealt with an interpretation of GCR 1963, 313.4, we turn to Fed Rules Civ Proc, 37(d), 28 USCA (1968 Ed) App, the source of our court rule.

The purpose of federal rule 37(d) is to secure compliance with discovery rules and not to punish

erring parties. *Robison* v. *Transamerica Insurance Company* (CA10, 1966), 368 F2d 37. This rule should be construed to secure the just, speedy, and inexpensive determination of actions. *Babcock & Wilcox Co.* v. *North Carolina Pulp Co.,* (Del, 1938), 25 F Supp 596. Dismissals of causes of action under this rule are within the discretionary power of the trial judge (*Halverson* v. *Campbell Soup Company* [CA7, 1967], 374 F2d 810; *White Pine Copper Company* v. *Continental Ins. Company* [WD, Mich, 1968], 166 F Supp 148; *Dann* v. *Compagnie Generale Trans-Atlantique Limited* [ED NY, 1939], 29 F Supp 330), but because of the drastic nature of such action, the rule should be applied only in extreme circumstances. *Independent Productions Corporation* v. *Loew's Incorporated,* (CA2 1960), 283 F2d 730.

Plaintiff contends that the trial court erred in granting defendants' motion to dismiss because there was no showing of any willful failure on his part. We do not agree. To be "willful" the failure need not be accompanied by wrongful intent. It is sufficient if it is conscious or intentional, not accidental or involuntary. *Robison* v. *Transamerica Insurance Co., supra.*

The trial court's action in granting defendants' motion to dismiss was within its discretionary power. There was a period of over two years from the time that defendants first noticed plaintiff's deposition until the motion to dismiss was finally granted. Plaintiff's inactivity and delay were without apparent justification. At the hearing on the motion to dismiss, plaintiff did not give any reasonable explanation for his repeated dilatory conduct.

Plaintiff also cites GCR 1963, 313.4 to support his contention that affirmance of the lower court order would constitute an invasion of his "substantial"

rights. It appears to this Court that the GCR 1963, 313.4 rule is to be construed to secure the just, speedy, and inexpensive determination of every action so as to avoid the consequences of any error or defect in the proceedings which does not affect the substantial rights of the parties. However, defendants also have substantial rights, one of them being the right of discovery. Yet, more than five years after the date when the cause of action accrued, plaintiff had neither supplied defendants with his damages, nor given any meritorious explanation for his failure to do so. As stated in *Geigel* v. *Sea Land Service, Inc.,* (DC, Puerto Rico, 1968), 44 FRD 1:

"There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose the attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney. *Link* v. *Wabash Railroad Co.,* 370 US 626, (82 S Ct 1386, 8 L Ed 2d 734)."

The granting of defendants' motion to dismiss was not an abuse of discretion.

Affirmed. Costs to defendants.

All concurred.