HIGGINS *v.* HENRY FORD HOSPITAL

1. COURTS—COURT RULES—CONSTRUCTION—DISMISSAL AND NONSUIT —NO PROGRESS.

> A subsequently repealed Wayne circuit court rule which provided that in no event should an action be reinstated after a year had elapsed from the date of dismissal should be construed pursuant to a General Court Rule that those rules are to be construed so as to avoid the consequences of any error or defect in the proceedings which does not affect the substantial rights of the parties (GCR 1963, 13; Wayne Circuit Court Rule 17.7).

2. DISMISSAL AND NONSUIT—NO PROGRESS—REINSTATEMENT OF CASE —NUNC PRO TUNC ORDER.

> By the action of the circuit court in allowing an amended complaint to be filed after an action was dismissed because no progress was made for a period of one year, the circuit court in fact and in law reinstated the case and its subsequent action of entering an order of reinstatement *nunc pro tunc* was therefore superfluous.

Appeal from Court of Appeals, Division 1, Quinn, P. J., and McGregor and Bronson, JJ., order entered reversing and remanding Wayne, Nathan J. Kaufman, J. Submitted January 6, 1971. (No. 5 January Term 1971, Docket No. 52,722.) Decided January 12, 1971. Opinion filed May 3, 1971.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts § 86.

[1, 2] 24 Am Jur 2d, Dismissal, Discontinuance and Nonsuit §§ 6, 59, 83, 88–90.

Complaint by Louise Higgins, administratrix of the estate of John Higgins, against Henry Ford Hospital for wrongful death. Charles F. Pfizer & Co., Inc., was added as a party defendant. Plaintiff's motion to correct the record by way of an order *nunc pro tunc* granted. Motion by defendants for a rehearing of the motion to correct the record and for an order setting aside the *nunc pro tunc* order denied. Defendants appealed to the Court of Appeals. Reversed and remanded by order. Plaintiff appeals. Reversed.

*Goodman, Eden, Robb, Millender, Goodman & Bedrosian* (by *Charles J. Barr*), for plaintiff.

*Kitch, Suhrheinrich & Bess, P. C.,* for defendant Henry Ford Hospital.

*Alexander, Buchanan & Conklin* (by *Perry J. Seavitt*), for defendant Charles F. Pfizer & Co., Inc.

WILLIAMS, J. The docket entries in this case, extending to seven pages over a period of nearly seven years are mute testimony to the fact that the best rules of procedure without time for judicial superintendence of the docket, supporting court manpower and cooperation from the Bar can fail to assure a fair and speedy trial. This case is just one of many reasons why support for a strengthened and, if need be, reformed administration of justice is essential to good government and the preservation of liberty, security and our democratic way of life.

On October 17, 1963 plaintiff-appellant began an action for wrongful death against defendant hospital in the Wayne County Circuit Court. Between October 17, 1963 and February 24, 1964 plaintiff

filed an amended complaint and defendant made a motion for summary judgment which was denied without prejudice.

On May 10, 1965 the action was dismissed because no progress was made for a period of one year, without actual notice to, or knowledge by, any party although there was publication in the Detroit Legal News under Wayne circuit court rule 17.3.

However, during the one-year period following May 10, 1965, the case progressed as though such dismissal by publication had never occurred.   A second amended complaint was filed by plaintiff; a renewed motion for summary judgment was made by defendant hospital; an order granting in part and denying in part defendant hospital's motion for summary judgment was filed; a third amended complaint was filed by plaintiff; an answer to the third amended complaint was filed by defendant hospital; a motion for summary judgment was filed by defendant hospital; a motion for partial summary judgment was filed by defendant hospital and a revised and amended complaint was filed by plaintiff, followed by defendant hospital's further answer and notice of motions for summary judgment and accelerated judgment.

On May 11, 1966 Charles Pfizer and Company was added as a defendant in a fourth amended complaint. Between July 7, 1966 and May 19, 1968, defendant Charles Pfizer and Company filed an answer, interrogatories to defendant Henry Ford Hospital were filed, answers to interrogatories were filed, and all parties signed a ready for pretrial certificate.

At this point the Court Assignment Clerk refused the ready for pretrial certificate because of the 1965 dismissal.

Plaintiff then moved to set aside the order of dismissal stating that the case had been reinstated

within one year after dismissal as required by Wayne circuit court rule 17.7 by the actions of the parties although not by express order of the court. The court entered an order of reinstatement *nunc pro tunc* as of September 1, 1965 on August 9, 1968 from which no appeal was taken.

Both defendants, on June 4, 1969, filed a motion for rehearing of the motion to reinstate the action and a motion to set aside the order reinstating the action, both of which were denied. Both defendants then filed an application for leave to appeal to the Court of Appeals. Leave was granted.

The Court of Appeals reversed and remanded the case to the trial court for an order granting defendants' motion to set aside the trial court's order of reinstatement.

The questions before this Court are whether Wayne circuit court rule 17.7 contemplates reinstatement within the required one-year period without a formal order of reinstatement being actually issued during that time, and, if so, whether an order of reinstatement *nunc pro tunc* is properly entered to remedy the defect in the record.

Wayne circuit court rule 17.7 (which has since been repealed by the Wayne Circuit Court) reads as follows:

"In no event shall an action be reinstated more than two times, nor after a year has elapsed from the date of dismissal."

In construing Wayne circuit court rule 17.7 we must be guided by GCR 1963, 13:

"Rule 13.    Construction.
"These rules are to be construed to secure the just, speedy, and inexpensive determination of every

action *so as to avoid the consequence of any error or defect in the proceedings which does not affect the substantial rights of the parties."* (Emphasis added.)

The policy behind GCR 1963, 13 is clearly set forth in the official committee comment to that rule:

"Rules of practice and procedure are exactly that. They should create no rights and should be thought of as indicating the way in which justice should be administered. They should give direction to the process of administering justice *but their application should not become a fetish to the extent that justice in an individual case is not done.* There is a need for guides and standards. They must be followed but they must always be thought of as *guides and standards to the means of achieving justice, not the end of justice itself."* Reprinted as annotation to Stat Ann, Rules, Rule 13, p 4. (Emphasis added.)

During the one-year permissible period of reinstatement following dismissal for no progress three amended complaints were filed; a motion for summary judgment was made and acted upon by the court and an answer was filed by defendant hospital. There was no prejudice to any party and preparation for trial by both parties was proceeding. The first time that either party knew of dismissal was when both parties were ready for trial. By the action of the court in allowing the first amended complaint to be filed after dismissal, the court in fact and in law reinstated the case. The subsequent action of the trial court entering an order of reinstatement *nunc pro tunc* was therefore superfluous.

An order has previously been entered reversing the Court of Appeals and remanding the case for

trial on or before 60 days from the date of that order.

T. M. Kavanagh, C. J., and Black, Adams, T. E. Brennan, T. G. Kavanagh, and Swainson, JJ., concurred with Williams, J.