HUMPHREY v ADAMS

1. DISCOVERY—COURT RULES—FAILURE TO COMPLY—WILLFUL FAILURE
   —INTENT.

   A party's failure to comply with a court rule of discovery is
   willful if it is conscious or intentional, not accidental or invol-
   untary; such failure need not be accompanied by wrongful
   intent (GCR 1963, 313.4).

2. DISMISSAL AND NONSUIT—DISCOVERY—COURT RULES—FAILURE TO
   COMPLY—DISMISSAL WITH PREJUDICE.

   A dismissal with prejudice is contemplated by a court rule which
   provides for dismissal of a party's cause of action for the willful
   failure to comply with requests for depositions or interrogato-
   ries or entry of a judgment by default as an alternative form of
   relief (GCR 1963, 313.4).

3. DISMISSAL AND NONSUIT—DISCOVERY—COURT ORDER—FAILURE TO
   COMPLY—DISMISSAL WITH PREJUDICE—JUDGES—DISCRETION.

   A trial court's order of dismissal with prejudice of a plaintiff's
   complaint was not an abuse of discretion where the plaintiff's
   attorney failed to comply with a court order to produce the
   plaintiff for a physical examination and file a detailed specifica-
   tion of damages and answers to interrogatories despite repeated
   warnings that continued noncompliance would result in dis-
   missal and made no effort to seek relief from the order or to
   offer an explanation for the delay until a hearing eight days
   before trial was to begin.

Appeal from Genesee, Philip C. Elliott, J. Sub-
mitted February 5, 1976, at Lansing. (Docket No.
22943.) Decided June 24, 1976.

Complaint by Ella Mae Humphrey against May-
nard Adams for damages arising from an automo-

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 23 Am Jur 2d, Depositions and Discovery § 256 *et seq.*

bile accident. Complaint dismissed. Plaintiff appeals. Affirmed.

*Sanford Kesten,* for plaintiff.

*Franklin, Petrulis & Lichty, P. C.* (by *James T. Mellon),* for defendant.

Before: M. J. KELLY, P. J., and V. J. BRENNAN and DANHOF, JJ.

M. J. KELLY, P. J. Plaintiff appeals as of right from a January 13, 1975 order dismissing her complaint with prejudice. The complaint arose out of an automobile accident that occurred in Genesee County on November 12, 1972. The cause of action was filed in Genesee County Circuit Court on April 19, 1974. The defendant filed his answer on June 18, 1974 and, on the same date, submitted 35 written interrogatories addressed to the plaintiff.

On November 18, 1974, the defendant filed a motion to dismiss with prejudice in accordance with GCR 1963, 313.4[1] on the ground that he still had not received responses to his interrogatories filed five months previously. The motion was noticed for a hearing on November 21, 1974, *i.e.,* simultaneously with the final pretrial conference.

At that hearing, the trial judge did not grant the motion to dismiss, but entered a pretrial order

---

[1] GCR 1963, 313.4 states:

"Failure of a Party to Attend or Serve Answers. If a party or officer or managing agent of a party willfully fails to appear before the person who is to take his deposition, after being served with a proper notice or fails to serve answers to interrogatories submitted under Rule 309, after proper notice of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party.

which set a January 14, 1975, trial date and also provided for the following:

"Plaintiff shall notify defense counsel of a time in December or January when she can be examined in Michigan. Detailed damage specification shall be filed by December 20, 1974.

* * *

"Plaintiff may not call any witness unless on a list or notice filed by December 3, 1974.

* * *

"Plaintiff's answer to interrogatories shall be filed by December 20, 1974. *Failure to comply with this order will result in dismissal.*" (Emphasis supplied.)

The special provision requiring the plaintiff to appear in Michigan for a physical examination was due to the fact that she resides in Missouri.

The plaintiff filed a witness list on December 22, 1974, 19 days after the deadline set by the pretrial order. As of December 30, 1974, there was no indication that the plaintiff had submitted answers to the interrogatories due December 20, or made any attempt to arrange a mutually satisfactory date for a physical examination sometime in December or January before the impending January 14 trial date. Therefore, on December 30, the defendant renewed his motion to dismiss on the ground that the plaintiff had failed to comply with the judge's pretrial order.

A hearing on the motion was held on January 6, 1975. In his argument against the motion, plaintiff's attorney stated that his client was presently physically unable to make the trip from Missouri to Michigan. He further stated that he now had the answers to the interrogatories in his possession but they were in his client's handwriting. He argued that, since the statute of limitations still

had more than one year to run, the defendant had not been prejudiced by the delay. For the stated reasons, he asked that the trial simply be adjourned to a later date so that discovery could be completed.

The defendant's attorney countered that a hearing on a motion to dismiss was not the appropriate time to raise for the first time questionable excuses for failing to comply with a discovery order whose deadlines had long since passed. He then orally renewed his motion for dismissal and pointed out that the court had authority to grant such a motion under GCR 1963, 313.4.

The trial judge granted the motion to dismiss with prejudice. It is the plaintiff's contention that the trial court abused his discretion in ordering the dismissal. In order to ascertain whether there was such an abuse of discretion, we compare *Krim v Osborne,* 20 Mich App 237; 173 NW2d 737 (1969), *lv den,* 383 Mich 765 (1970), wherein the Court dealt for the first time with a dismissal under GCR 1963, 313.4. The dismissal in *Krim* followed a long history of delay in the discovery procedures caused by the plaintiff. The incident which finally triggered the dismissal was the plaintiff's failure to respond as ordered within 30 days to the defendant's request for more definite answers to their interrogatories.

On appeal, this Court considered the plaintiff's argument that dismissal was improper because no "willful" disobedience had been shown. We said:

"To be 'willful' the failure need not be accompanied by wrongful intent. It is sufficient if it is conscious or intentional, not accidental or involuntary." 20 Mich App at 241.

Having concluded that definition applied to the

facts in *Krim,* it was held that the trial judge had not abused his discretion by granting the motion to dismiss.

It should be noted that, although *Krim* does not expressly state that the dismissal was with prejudice, the tenor of the analysis clearly suggests that it was. For example, the Court in *Krim* made repeated references to Federal decisions dealing with FR Civ P, 37(d), the source of our court rule.[2] In particular, *Krim* quoted *Geigel v Sea Land Service Inc,* 44 FRD 1, (D Puerto Rico, 1968), a case in which the dismissal was with prejudice. See also *Independent Productions Corp v Loew's Inc,* 283 F2d 730 (CA2, 1960). The *Krim* opinion also refers to the "drastic nature" of dismissals of causes of action, 20 Mich App at 241.

In any case we think a dismissal with prejudice is contemplated by GCR 1963, 313.4 which speaks of dismissal of the offending party's cause of action or entry of a judgment by default as alternative forms of relief.

Having determined that a dismissal with prejudice is contemplated by GCR 1963, 313.4, we turn to the only other case which reviewed the trial court's exercise of discretion in granting a dismissal for failure to respond to interrogatories. That case is *Richards v O'Boyle,* 21 Mich App 607; 175 NW2d 874 (1970), *lv den,* 383 Mich 794 (1970), wherein the Court found that a dismissal under GCR 1963, 313.4 was an abuse of discretion. In *Richards v O'Boyle, supra,* the court concluded that the discovery difficulties had been caused in large part by a personality conflict between the two attorneys. It therefore held that the dismissal was an abuse of discretion and instructed the trial

[2] *See* 2 Honigman & Hawkins, Michigan Court Rules Annotated, (2d ed), p 236 for other cases dismissed with prejudice.

judge that, if future difficulties arose, he should use less drastic sanctions, *e.g.,* reprimands or contempt proceedings. This case offers us little guidance since the factual situation is unlike this one. We conclude that the result in this case should be governed by *Krim v Osborne, supra,* and the trial judge's entry of an order of dismissal with prejudice should be affirmed.

The plaintiff's attorney in this case was repeatedly warned that continued noncompliance would result in dismissal and yet he made no effort to seek relief from the court order or offer an explanation for the delay until the hearing on the motion to dismiss. Furthermore even these excuses were not offered until eight days before trial was to begin. Under these circumstances, we hold that the trial court did not abuse its discretion in ordering a dismissal with prejudice.

Affirmed.