JACK'S FACTORY OUTLET v PONTIAC STATE BANK

Docket No. 78-448. Submitted November 20, 1979, at Detroit.—Decided January 23, 1980.

Jack's Factory Outlet and Jack Ginsburg commenced an action against Pontiac State Bank for damages for the defendant's alleged bad faith in accelerating the date for payment of a $35,000 secured loan made by the bank to corporate plaintiff (Jack's Factory Outlet) and personally guaranteed by the corporation's president (Ginsburg). The bank sought to depose Ginsburg. Three dates for the deposition were scheduled but not kept. Finally, the deposition was scheduled for September 8, 1978. After this date was set, plaintiffs' counsel stated that he had a criminal matter in Detroit Recorder's Court on that day and could not attend the deposition. When defendant's counsel refused an adjournment, plaintiffs' counsel appeared before the court and stated that the deposition could be taken on September 18. On September 15, 1978, the Oakland Circuit Court, Robert B. Webster, J., entered an order for the deposition to be held on September 18, and, on September 16, defendant's counsel confirmed the date with plaintiffs' counsel. Ginsburg failed to appear for the deposition as scheduled. Defendant then filed a motion to dismiss the plaintiffs' action and for sanctions under the applicable court rule. The circuit court denied the motion to dismiss, but ordered the plaintiffs to pay $1,000 to the defendant on or before October 4, 1978, at 5 p.m., to recompense the defendant for its costs and attorney fees incurred as a result of Ginsburg's failure to attend the deposition. Plaintiffs failed to pay within the one-week period and the court entered an order dismissing the plaintiffs' complaint with prejudice. The plaintiffs appeal. *Held:*

1. A trial judge is empowered, under the court rules, to impose "just" sanctions for a party's failure to comply with a discovery order. The assessment of $1,000 was not unreasonable

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 23 Am Jur 2d, Depositions and Discovery § 256.

[2] 23 Am Jur 2d, Depositions and Discovery § 258.

Dismissal of action for failure or refusal of plaintiff to obey court order. 4 ALR2d 348.

given the hours necessarily spent by the bank's attorneys in preparing for the deposition scheduled for September 18, the additional hours required to prepare and file the motion to dismiss and the time spent at the hearing on the motion. The $1,000 costs assessment was not an abuse of discretion.

2. A trial court may dismiss a case with prejudice for noncompliance with a court order and failure to appear at a deposition. However, the disobedience must be willful. Due to the short time period in which the payment was to be made, it is entirely conceivable that plaintiffs' counsel was unable to reach Ginsburg until too late to raise $1,000, as contended by plaintiffs' counsel. Because of the shortness of the time period in which payment was to be made, the date due for payment was invalid. Accordingly, the trial court's order dismissing plaintiffs' case is vacated. The matter is remanded to the trial court. Payment of $1,000 is to be made within 30 days from the date of release of this opinion. If the sum is paid within the 30-day period, Mr. Ginsburg's deposition shall be taken within 14 days thereafter. If payment is not made, plaintiffs' complaint shall be dismissed with prejudice.

Affirmed in part, reversed in part and remanded.

1. DISCOVERY — ORDER FOR DISCOVERY — FIALURE TO COMPLY — SANCTIONS — COURT RULES.

A trial judge has the power to impose just sanctions for a party's failure to comply with an order for discovery; in imposing the sanctions, the trial judge can appropriately take into account 1) the inconvenience to the other party, 2) the other party's reasonable attorney's fees in preparation for and appearing at the deposition, together with filing and arguing the motion for sanctions, 3) the nature of the noncomplying party's willful disobedience, and 4) the general deterrent effect of the penalty (GCR 1963, 313.2[2]).

2. DISCOVERY — FAILURE TO COMPLY — COURT RULES.

The court rules allow a trial court to dismiss a case with prejudice for a plaintiff's noncompliance with a court order for discovery and failure to appear at a deposition; however such disobedience must be willful (GCR 1963, 313.2[2], 313.4).

3. DISCOVERY — FAILURE TO COMPLY — WILLFUL FAILURE — INTENT — COURT RULES.

A party's failure to comply with a court order for discovery is willful if it is conscious or intentional, not accidental or involuntary; such failure need not be accompanied by wrongful intent (GCR 1963, 313.4).

*David M. Jutkowitz,* for plaintiffs.

*Dickinson, Wright, McKean, Cudlip & Moon* (by *Robert P. Hurlbert),* for defendant.

Before: ALLEN, P.J., and M. J. KELLY and N. J. LAMBROS,* JJ.

PER CURIAM. The issue in this case is whether the trial court exceeded the powers granted under GCR 1963, 313.4, by dismissing plaintiffs' suit for failure to appear at a deposition.

On February 23, 1977, plaintiffs commenced action for $1,000,000 in damages predicated on defendant's alleged bad faith acceleration of a $35,000 secured loan to the corporate plaintiff (Factory Outlet) and personally guaranteed by the corporation's president (Ginsburg). The bank answered, asserting that the acceleration was made after the bank discovered that Factory Outlet's checking account was being used as a conduit for successive transfers of large sums without any apparent business purpose. According to the bank, the transfers created large balances of uncollected funds in the account. When both Ginsburg, Factory Outlet's sole shareholder, and Ernest Citron, the corporation's attorney, refused to explain the purpose for the unusual activity in the checking account, the bank called the loan.

Discovery proceedings were commenced against Citron who refused to answer questions under the claim of the attorney-client privilege. The bank then sought to depose Ginsburg. Three dates were scheduled but were not kept. Finally, deposition was scheduled for September 8, 1978. After this date was set, plaintiffs' counsel stated he had a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

criminal matter in Recorder's Court of Detroit, September 6-8, and could not attend. When counsel for defendant refused an adjournment, plaintiffs' counsel appeared before the court stating that the deposition could be taken September 18. An order was so entered on September 15, and, on September 16, defendant's counsel confirmed the date with plaintiffs' counsel.

Fifteen minutes before the deposition was to begin on September 18, plaintiffs' counsel informed the defendant that his client would not appear. Defendant then filed a motion to dismiss and for sanctions under GCR 1963, 313.4. Hearing on the motion was set for September 27, 1978. At the hearing, counsel stated Ginsburg was in New York City on September 18, but could appear for discovery-taking any time within the next two weeks. The motion to dismiss was denied but plaintiffs were ordered to pay $1,000 on or before October 4, 1978, at 5 p.m., said payment to recompense defendant for its costs and attorney fees incurred as a result of Ginsburg's failure to attend the deposition. The order further provided that if payment were not made within the time indicated, plaintiffs' complaint would be dismissed. Plaintiffs failed to pay within the one-week period set, and an order dismissing plaintiffs' complaint with prejudice was entered October 5, 1978. It is from this order that plaintiffs appeal of right.

Michigan GCR 1963, 313.2(2) empowers a trial judge to impose "just" sanctions for a party's failure to comply with a court discovery order. Plaintiffs contend on appeal that the action of the trial judge in assessing costs of $1,000 was an abuse of discretion. We disagree. The trial judge can appropriately take into account the following considerations: (1) the inconvenience to the defen-

dant; (2) reasonable attorney's fees in preparation for and appearing at the deposition, together with filing and arguing the motion for sanctions; (3) the nature of the plaintiffs' willful disobedience; and (4) the general deterrent effect of the penalty. See, *National Hockey League v Metropolitan Hockey Club, Inc,* 427 US 639; 96 S Ct 2778; 49 L Ed 2d 747 (1976). Given the hours necessarily spent by the bank's attorneys preparing for the deposition scheduled for September 18, and the additional hours required to prepare and file the motion to dismiss, and the time spent at the hearing on said motion, we do not find that the sum of $1,000 is an unreasonable assessment.[1] See *David v Hooker, Ltd,* 560 F2d 412 (CA 9, 1977), *Trans World Airlines, Inc v Hughes,* 515 F2d 173 (CA 2, 1975). The broad power of a trial judge to impose a variety of sanctions to enforce discovery proceedings is reflected in the following commentary:

"Michigan General Court Rule 313.2 allows a court to impose a variety of sanctions against a party who refuses to make discovery, including an order dismissing the action or rendering judgment by default against the disobedient party. The sanctions are necessary elements of Michigan's 'far-reaching, open and effective discovery practice' and are designed to ensure successful operation of liberal discovery by punishing litigants who refuse to proceed in good faith.

"Unfortunately, however, trial judges are reluctant to use these sanctions in all but the most flagrant cases, thereby significantly contributing to court congestion and litigation expense caused by abuses of the discovery process.

"Where a trial judge does choose to impose sanctions, Michigan appellate courts will not reverse unless the record demonstrates an abuse of discretion." Wasinger,

---

[1] The $1,000 assessment was not a fine payable to the court but was payable to defendant as defendant's costs and attorney fees for plaintiffs' willful refusal to make discovery as of September 27, 1978.

*Civil Procedure,* 1978 Annual Survey of Michigan Law, 25 Wayne L Rev 241, 250-251 (1979).

Plaintiffs further contend that even if the trial court's order of September 27, 1978, assessing $1,000 costs was not an abuse of discretion, the court's subsequent order entered October 5, 1978, dismissing plaintiffs' action with prejudice was error because it cannot be said that the nonpayment was flagrant, wanton and repeated. Although Michigan is reluctant to impose so drastic a penalty as dismissal with prejudice, it is clear that GCR 1963, 313.2(2) and 313.4 allow a trial court to dismiss a case with prejudice for noncompliance with a court order and failure to appear at a deposition. *Humphrey v Adams,* 69 Mich App 577, 581; 245 NW2d 167 (1976), *Krim v Osborne,* 20 Mich App 237; 173 NW2d 737 (1969), *lv den* 383 Mich 765 (1970). However, the disobedience must be willful. But to be "willful" does not require proof of wrongful intent.

" 'To be "willful" the failure need not be accompanied by wrongful intent. It is sufficient if it is conscious or intentional, not accidental or involuntary.' 20 Mich App at 241." 69 Mich App at 580.

"The authority of the circuit judge to take the most drastic step of dismissal of plaintiff's complaint with prejudice is clear. However, we believe that such measures should be exercised cautiously. *This is not a case where the failure to respond to discovery requests extends over substantial periods. E.g., Krim v Osborne,* 20 Mich App 237; 173 NW2d 737 (1969). *Nor is it a case in which the failure to provide discovery is in violation of a direct order of the trial court. E.g., Humphrey v Adams;* 69 Mich App 577; 245 NW2d 167 (1976). In this case, in view of the relatively short time that elapsed between the failure to appear and the motion to dismiss, and the ambiguous showing of willfulness on the part of the plaintiff's agent, we conclude that the trial

judge should have chosen less drastic measures to compel discovery." (Emphasis added.) *MacArthur Patton Christian Ass'n v Farm Bureau Ins Group,* 403 Mich 474, 477; 270 NW2d 101 (1978).

During oral argument, counsel for plaintiffs explained that between Saturday, September 16, and Monday, September 18, 1978, he tried to contact his client but found his client was out of town on a buying trip. This ignores the fact that counsel chose the September 18th date in the first instance. Counsel also claims that within the seven-day period between the order to pay $1,000 and the order of dismissal with prejudice, counsel was unable to contact his client. If this latter fact is true, as counsel contends, his client's failure to obey the court's order was not willful as that term is used in *Humphrey, supra.* Though the question is close and though we share the respected trial court's frustration in trying to keep its docket current, we are disposed to hold that the instant case is more like the *MacArthur Patton* "relatively short time that elapsed between the failure to appear and the motion to dismiss" than the situation in *Humphrey.* In *Humphrey,* the trial court entered an order November 21, 1974, that plaintiff's answer to interrogatories should be filed by December 20, 1974. In the instant case, only seven days was given within which the $1,000 was to be paid and "in the event payment is made, Defendant's Motion is dismissed and the parties shall thereupon set a date for Mr. Ginsburg's deposition".[2] It is entirely conceivable that during

_____

[2] The order further provided that "in the event plaintiffs fail to pay such costs on or before Wednesday, October 4, 1978 at 5:00 p.m., upon the filing of an Affidavit to that effect, Defendant's counsel may present to the Court for entry, forthwith and without notice to Plaintiffs, the attached Order dismissing Plaintiffs' First Amended Complaint with prejudice and costs".

the short interval, counsel was unable to contact his client or not able to locate his client until too late to raise the $1,000.

However, we have already held that that part of the trial court's order of September 28, 1978, ordering plaintiffs to pay $1,000 valid. Only the date within which payment was due (October 4, 1978) is invalid. Additionally, given the short period within which payment was to be made, nothing appears in the record upon which we can conclude the failure to pay was willful. Accordingly, the trial court's order of October 5, 1978, dismissing plaintiffs' first amended complaint with prejudice, is vacated. The trial court's order of September 28, 1978, ordering payment of $1,000 is affirmed except as to the date of payment. This cause is remanded to the trial court. Payment of said $1,000 is to be made within 30 days from the date of release of this opinion. If said sum is paid within said 30-day period, Mr. Ginsburg's deposition shall be taken within 14 days thereafter. If said payment is not made, plaintiffs' first amended complaint shall be dismissed with prejudice.

Remanded in accordance with this opinion. No costs, neither party having prevailed in full.