HOUSTON v SOUTHWEST DETROIT HOSPITAL

Docket No. 89736. Submitted February 10, 1987, at Detroit. Decided December 2, 1987. Leave to appeal applied for.

Jacqueline N. Houston, personal representative of the estate of Delores M. Flowers, deceased, filed a medical malpractice action against Southwest Detroit Hospital and others in Wayne Circuit Court alleging that the defendants negligently failed to diagnose and provide care for the decedent's kidney cancer. On October 19, 1984, plaintiff produced her witness list, which included a number of expert witnesses. Defendant hospital requested available dates to depose plaintiff's expert witnesses and, on April 1, 1985, plaintiff and defendant hospital entered into a stipulation for discovery only depositions of plaintiff's designated expert witnesses. The court order entered pursuant to the stipulation provided for no time limit for the taking of the depositions. On April 11, 1985, the parties stipulated that mediation be adjourned for forty-five days. On May 9 and May 24, 1985, defendant hospital made requests of plaintiff for deposition dates for the designated expert witnesses. Plaintiff failed to respond to these requests. On June 4, 1985, defendant hospital filed an emergency motion to dismiss for failure to permit discovery. On June 7, 1985, the court entered an order requiring plaintiff to produce all expert witnesses on her witness list for deposition within seventy-five days. On August 21, 1985, the seventy-five-day period expired without the expert witnesses having been produced for deposition. On August 22, 1985, defendant hospital filed a motion to dismiss because of failure to comply with a court order compelling discovery or, in the alternative, to strike plaintiff's witness list. At the hearing on the motion, plaintiff's counsel stated that, because of an associate's failure to follow office procedure with regard to

REFERENCES

Am Jur 2d, Depositions and Discovery §§ 68 et seq.; 373 et seq.

Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 45-47.

Propriety of dismissal of action with prejudice, under Rule 41(b) of Federal Rules of Civil Procedure, upon ground of plaintiff's failure to comply with order of court. 15 ALR Fed 407.

Pretrial discovery in disciplinary proceedings against physician. 28 ALR3d 1440.

court orders, he did not know of the motion to dismiss until shortly before the date of the hearing. The court, Harry J. Dingeman, Jr., J., rejected plaintiff's counsel's arguments and dismissed with prejudice the case against defendant hospital. Plaintiff appealed.

The Court of Appeals *held:*

The trial court did not properly set forth the reason for dismissing plaintiff's action against defendant hospital. It is proper to impose the sanction of dismissal only after first having carefully evaluated all of the options on the record and concluding which option is just and proper within the context of the particular case. The trial court made its decision to dismiss without giving due regard on the record to other available alternatives. The decision of the trial court is reversed and the matter is remanded for a rehearing and imposition of appropriate sanctions, which may or may not include dismissal.

Reversed and remanded.

PRETRIAL PROCEDURE — DISCOVERY — REMEDIES — DISMISSAL — COURT RULES.

Dismissal of a cause of action for failure to comply with court discovery rules is within the discretionary power of a trial court, but it is proper to impose the sanction of dismissal only after first having carefully evaluated all of the options on the record and concluding which option is just and proper within the context of the particular case (MCR 2.313[B][2]).

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Monica Farris Linkner*), for plaintiff.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Pamela Hobbs*), for defendant.

Before: SHEPHERD, P.J., and GRIBBS and R. R. LAMB,* JJ.

PER CURIAM. The present case involves a medical malpractice action brought by the personal representative of decedent, Delores M. Flowers, against several doctors and defendant Southwest

* Circuit judge, sitting on the Court of Appeals by assignment.

Detroit Hospital, the only defendant on appeal. On August 30, 1985, the Wayne Circuit Court dismissed with prejudice plaintiff's case against defendant on the grounds that plaintiff had failed to produce her expert witnesses for deposition as required under a court order. Plaintiff appeals to this Court as a matter of right. We reverse and remand the case for reconsideration and for imposition of appropriate sanctions permitted under MCR 2.313(B)(2), including dismissal.

The decedent, Delores M. Flowers, was admitted to defendant hospital on December 7, 1980, complaining of back pain and blood in the urine. Decedent was released on December 20, 1980, and told to arrange for certain laboratory tests on an outpatient basis. Decedent was subsequently admitted to several other hospitals. On January 19, 1981, she died at Henry Ford Hospital in Detroit. The autopsy showed that decedent died of renal cell carcinoma of the right kidney with extensive metastasis throughout the body.

On January 19, 1983, plaintiff filed a medical malpractice action in the Wayne Circuit Court, alleging that defendant and its doctors negligently failed to diagnose and provide care for decedent's kidney cancer. On October 19, 1984, plaintiff produced her witness list, which included a number of expert witnesses.

Defense counsel telephoned plaintiff's counsel on March 28, 1985, to request available dates to depose plaintiff's expert witnesses. Plaintiff's counsel advised that he would review his file to determine which doctors he intended to use as expert witnesses, after which he would arrange for deposition dates.

On April 1, 1985, the parties entered into a stipulation for discovery-only depositions of plaintiff's designated expert witnesses. The court order

entered pursuant to the stipulation provided for no time limit for the taking of the depositions.

Counsel for plaintiff and the respective defendants stipulated on April 11, 1985, that mediation be adjourned for forty-five days. On May 9, 1985, defense counsel forwarded to plaintiff's attorney a copy of the stipulation and order adjourning mediation for forty-five days, together with a letter requesting plaintiff's counsel to set deposition dates as soon as possible. After plaintiff's counsel failed to answer this second request to provide deposition dates for its expert witnesses, defense counsel made a third request on May 24, 1985, for deposition dates for the designated expert witnesses.

On June 4, 1985, defendant filed an emergency motion to dismiss for failure to permit discovery. At a hearing on June 7, 1985, the trial court entered an order requiring plaintiff to produce all expert witnesses on her witness list for deposition within seventy-five days. Defense counsel mailed a copy of this order to plaintiff's counsel on June 19, 1985.

On August 21, 1985, the seventy-five-day period expired without the expert witnesses having been produced for deposition by plaintiff's counsel. On August 22, 1985, defense counsel filed its motion to dismiss because of a failure to comply with a court order compelling discovery or, in the alternative, to strike plaintiff's witness list. At a hearing held before the trial court on August 30, 1985, plaintiff's counsel noted that a young associate from his office had been present at the June 7 hearing where the order compelling production of the witnesses within seventy-five days had been made. Plaintiff's counsel said that after the seventy-five-day order was entered on a praecipe, the young associate brought the praecipe back to his office

and failed to turn it over to the law firm's docket clerk. Because of the associate's failure to follow office procedure with regard to court orders, plaintiff's counsel did not know about the order until he received defendant's motion to dismiss on the Monday prior to the hearing. The trial court rejected these arguments and dismissed the case with prejudice:

> *The Court:* I've long been under the impression, mistaken or not, that as long as we're obliged to follow our voluminous court rules that are issued from time to time, the latest having taken effect as of March 1, of this year, there must be some good reason for doing that.
> The Court is constrained to grant your motion.

Under these circumstances we believe the circuit court did not properly set forth the reason for the exercise of its discretion in dismissing plaintiff's action against defendant. MCR 2.313(B)(2) states:

> (2) Sanctions by Court in Which Action is Pending. If a party or an officer, director, or managing agent of a party, or a person designated under MCR 2.306(B)(5) or 2.307(A)(1) to testify on behalf of a party, fails to obey an order to provide or permit discovery, including an order entered under subrule (A) of this rule or under MCR 2.311, the court in which the action is pending may order *such sanctions as are just, including, but not limited to the following:*
> (a) an order that the matters regarding which the order was entered or other designated facts may be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
> (b) an order refusing to allow the disobedient party to support or oppose designated claims or

defenses, or prohibiting the party from introducing designated matters into evidence;

(c) an order striking pleadings or parts of pleadings, staying further proceedings until the order is obeyed, dismissing the action or proceeding or a part of it, or rendering a judgment by default against the disobedient party;

* * *

In lieu of or in addition to the foregoing orders, the court shall require the party failing to obey the order or the attorney advising the party, or both, to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. [Emphasis added.]

Dismissal of a cause of action for failure to comply with court discovery rules is within the discretionary power of a trial judge. *Krim v Osborne,* 20 Mich App 237, 241; 173 NW2d 737 (1969), lv den 383 Mich 765 (1970). A party's failure to comply with a court discovery rule is wilful if it is conscious or intentional, not accidental or involuntary. To be wilful, a party's failure to comply with the court order need not be accompanied by wrongful intent. *Krim, supra; Jack's Factory Outlet v Pontiac State Bank,* 95 Mich App 174, 179; 290 NW2d 114 (1980).

In *Krim,* this Court held that dismissal of a negligence action five years after it had accrued was not an abuse of discretion where the plaintiff had either repeatedly failed to comply, or had delayed complying, with court discovery rules regarding the answering of interrogatories and the taking of depositions and had neither supplied the defendants with his damages nor given any meritorious explanation for his failure to do so. This Court said: "Plaintiff's inactivity and delay were

without apparent justification. At the hearing on the motion to dismiss, plaintiff did not give any reasonable explanation for his repeated dilatory conduct." *Krim, supra* at 241.

Dismissal is only one of the remedies within the court's discretion. The court rule authorizes "such sanctions as are just, including, but not limited to" a range of sanctions of varying severity. These words clearly indicate an intent on the part of the drafters of the court rule to allow the court a wide range of discretion and to require the court to make a determination that the specific sanction imposed is just under all of the circumstances.

Under the rule the court had available to it the following options:

1. striking a witness list or refusing to allow witness lists to be filed;

2. prohibiting the plaintiff from introducing matters into evidence;

3. staying proceedings until the order is obeyed;

4. dismissing the action;

5. treating the failure to obey the order as contempt of court;

6. requiring the party failing to obey the order or the attorney or both to pay reasonable expenses including attorney fees;

7. any other sanction which under the exercise of proper discretion seems to the court to be just under all of the circumstances. (We note that MCR 2.313 provides for more extensive and varied sanctions than former GCR 313. The new rule was adopted in 1985, i.e., after the decisions in *Krim* and *Jack's Factory Outlet, supra.*)

With all of the above options open to the court, either singly or in combinations of more than one, we believe that it is proper to impose the drastic sanction of dismissal only after first having care-

fully evaluated all of the options on the record and concluding which option is just and proper within the context of the particular case. MCR 1.105, formerly GCR 1963, 13, states:

> These rules are to be construed to secure the just, speedy, and economical determination of every action and to avoid the consequences of error that does not affect the substantial rights of the parties.

In discussing the policy behind former GCR 1963, 13, the Supreme Court quoted the official committee comment to the rule:

> "Rules of practice and procedure are exactly that. They should create no rights and should be thought of as indicating the way in which justice should be administered. They should give direction to the process of administering justice *but their application should not become a fetish to the extent that justice in an individual case is not done.* There is a need for guides and standards. They must be followed but they must always be thought of as *guides and standards to the means of achieving justice, not the end of justice itself."* [*Higgins v Henry Ford Hospital,* 384 Mich 633, 637; 186 NW2d 337 (1971). Emphasis in original.]

In *MacArthur Patton Christian Ass'n v Farm Bureau Ins Group,* 403 Mich 474, 477; 270 NW2d 101 (1978), a case where the plaintiff's agent failed to appear for deposition on two occasions, the Supreme Court stated:

> The authority of the circuit judge to take the most drastic step of dismissal of plaintiff's complaint with prejudice is clear. However, we believe that such measures should be exercised cautiously.

We have indicated that we believe that the result in this case was arrived at through an analytical process that did not take into account on the record all of the options available short of dismissal and that the court did not come to a reasoned conclusion on the record as to which sanctions, including dismissal, would be the most appropriate under all of the circumstances. We hesitate to go through this process since it is our view that this is the trial court's function in the first instance. We are confident that the trial judge can and will properly exercise his discretion under the guidelines set forth in this opinion if the matter is remanded to him for reconsideration. We believe that this process is required to be accomplished on the record for two reasons:

1. The court rule does not give the trial court unlimited discretion. Only those sanctions found to be just are permitted.

2. An appellate court cannot review a decision for abuse of discretion unless it knows how and why the discretionary decision was made.

Accordingly, we reverse the decision of the trial court and remand for a rehearing and imposition of appropriate sanctions. We do not wish to imply that dismissal is necessarily inappropriate. We only decide here that the decision to dismiss was made without due regard on the record to the other alternatives available. For example, plaintiff argued below and in this Court that striking the witness list would still allow her to proceed. That remedy coupled with imposition of actual attorney fees caused by the delay might be a just remedy under the circumstances. We are unable to tell from the record whether the trial court considered these alternatives.

Reversed and remanded.