*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

RITE WAY REHAB INC. and FIRST RESPONSE TRANSPORTATION, INC.,

Plaintiffs-Appellants,

v

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,

Defendant-Appellee.

UNPUBLISHED
January 25, 2024

No. 364853
Oakland Circuit Court
LC No. 2021-191787-NF

---

Before: GADOLA, C.J., and MURRAY and YATES, JJ.

PER CURIAM.

Plaintiffs appeal as of right the trial court's order granting defendant's motion for dismissal with prejudice under MCR 2.504(B) as a sanction for failing to comply with discovery requests. We vacate the trial court's order dismissing plaintiffs' claims with prejudice and remand for further proceedings.

## I. FACTS

This matter arises from a discovery dispute. After claimant's motor vehicle accident, plaintiffs filed a complaint under the no-fault act, MCL 500.3101 *et seq.*, to recover overdue PIP benefits from defendant. Defendant sent discovery requests to plaintiffs, including for the production of any agreements regarding the assignment, transfer, conveyance or advance of plaintiffs' accounts receivable for services provided to claimant. Plaintiffs denied assigning, transferring, conveying, or advancing their accounts receivable to claimant or any third party, stating the requests were vague, overbroad, and irrelevant. As such, plaintiffs did not produce any documents regarding assignment of plaintiffs' accounts receivable. Defendant moved to compel supplemental discovery responses, arguing whether accounts receivable were sold is directly relevant to the at-issue claims under MCR 2.302, and plaintiffs' objections to defendant's written discovery requests were insufficient under MCR 2.309 and MCR 2.310.

The trial court ruled in defendant's favor, ordering Rite Way Rehab to provide defendant any and all documentation relative to the sale of its accounts receivable. Plaintiffs failed to produce

documents regarding the sale of accounts receivable. Defendant moved to dismiss plaintiffs' case with prejudice as a sanction for their continued discovery violations under MCR 2.313(B) and (C)(4), and MCR 2.504(B), and their explicit violation of the trial court's order.

Plaintiffs did not respond to the motion. Plaintiffs' counsel was not present at the hearing on the motion because according to defendant's counsel, he confused it with a hearing on a motion in a related case that had been moved to the following week. Defendant's counsel noted he was representing defendant in another case involving claimant and did not want to relitigate this issue. The trial court responded to defendant's arguments for dismissal:

> *The Court*: I got it.
>
> *Defense Counsel:* So that's where I'm at.
>
> *The Court*: And you—finishing the—the—the—the—tying it all in, therefore you move—you maintain your request to dismiss?
>
> *Defense Counsel*: Yeah.
>
> *The Court*: Okay. I grant the motion. I adopt your reasons. Thank you.
>
> *Defense Counsel*: Dismissal with prejudice?
>
> *The Court*: Yes.
>
> *Defense Counsel*: All right. I'll submit an order. Thank you.
>
> *The Court*: All right, thank you. All right, take care.

As reflected above, the trial court granted defendant's motion to dismiss plaintiffs' claims with prejudice, but did not provide any reasoning on the record or in its opinion and order.

Plaintiffs moved for reconsideration of the order granting dismissal with prejudice, arguing the trial court erred by failing to consider the list of factors delineated in *Vicencio v Ramirez*, 211 Mich App 501, 507; 536 NW2d 280 (1995), quoting *Dean v Tucker*, 182 Mich App 27, 32-33; 451 NW2d 571 (1990), and without evaluating whether it would be in the interests of justice to impose a lesser sanction. The trial court denied reconsideration, stating plaintiffs failed to demonstrate a palpable error and only presented the same issues on reconsideration that were before the court previously.

Because plaintiffs' counsel did not receive notice of the trial court's denial of plaintiffs' motion for reconsideration, plaintiffs filed an untimely first claim of appeal. The parties filed a stipulation agreeing to the dismissal of the appeal under MCR 7.218 due to the lack of service, and the first appeal was subsequently dismissed. *Rite Way Rehab Inc v Allstate Prop and Cas Ins Co*, unpublished order of the Court of Appeals, entered February 17, 2023 (Docket No. 364475). Plaintiffs then moved to vacate the trial court's order under MCR 2.612(A)(1) and issue a new order with an updated entry date so plaintiffs could timely appeal the judgment, because of the failure to serve the order denying reconsideration on plaintiffs' counsel. The trial court granted

plaintiffs' motion to vacate the order denying reconsideration because of the clerical error, and amended the entry date to February 2, 2023. Plaintiffs' second claim for appeal timely followed.

## II. ANALYSIS

"A trial court's decision to involuntarily dismiss an action with prejudice is reviewed de novo." *Newman v Real Time Resolutions, Inc*, 342 Mich App 405, 411; 994 NW2d 852 (2022) (citation omitted). A trial court's dismissal of a case for failure to comply with a court order is reviewed for an abuse of discretion. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). "A trial court abuses its discretion when it chooses an outcome that falls outside the range of reasonable and principled outcomes." *Fette v Peters Constr Co*, 310 Mich App 535, 547; 871 NW2d 877 (2015). Meanwhile, "[t]his Court reviews de novo questions about the correct interpretation and application of statutes and court rules." *Home-Owners Ins Co v Andriacchi*, 320 Mich App 52, 71; 903 NW2d 197 (2017).

Plaintiffs argue the trial court abused its discretion in dismissing plaintiffs' case with prejudice having failed to fully consider the circumstances of the case or whether a lesser sanction would be in the interests of justice. We agree.

"Trial courts possess the inherent authority to sanction litigants and their counsel, including the right to dismiss an action." *Maldonado*, 476 Mich at 388. Generally, "[s]evere sanctions such as default or dismissal are predicated on a flagrant or wanton refusal to facilitate discovery that typically involves repeated violations of a court order." *Swain v Morse*, 332 Mich App 510, 518; 957 NW2d 396 (2020). However, "[d]ismissal is a drastic step that should be taken cautiously. Before imposing such a sanction, the trial court is required to carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." *Vicencio*, 211 Mich App at 506 (citations omitted).

A trial court's authority to dismiss an action as a sanction is discretionary rather than mandatory, which "necessitates a consideration of the circumstances of each case to determine if such a drastic sanction is appropriate." *Dean v Tucker*, 182 Mich App 27, 32; 451 NW2d 571 (1990). The inexhaustive list of factors trial courts are required to consider in determining appropriate sanctions include:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Vicencio*, 211 Mich App at 507, quoting *Dean*, 182 Mich App at 32-33.]

This Court in *Dean* reversed the decision of the trial court, holding a failure to timely file a witness list did not by itself justify the imposition of dismissal. While rules of practice "give direction to the process of administering justice and must be followed, their application should not be a fetish to the extent that justice in a particular case is not done." *Dean*, 182 Mich App at 32. The trial court in *Dean* also gave few reasons to justify its decision, stating, without explanation, that to grant the plaintiff's request to extend the time to file a witness list would be unfair and would

-3-

reopen discovery as to all of the witnesses, which this Court found to be an insufficient rationale. *Id*. at 33. This Court also considered there was no indication the plaintiff's failure to timely file the witness list was willful, and reasoned an inadvertent mistake in marking the deadline for submitting the list did not warrant dismissal. *Id*. at 34.

This Court affirmatively analyzed and adopted the *Dean* factors in *Vicencio*, 211 Mich App at 507, holding the trial court abused its discretion in imposing dismissal when there was no record evidence the plaintiff failed to comply with the court's order other than being absent, whether willful or accidental, from a settlement conference. This Court in *Vicencio* took the requirement to consider the seventh *Dean* factor, whether a lesser sanction would better serve the interests of justice, a step further, holding a trial court's failure to evaluate lesser sanctions on the record before dismissing a case was an abuse of discretion. *Id*. 506-507.

The trial court in this case dismissed plaintiffs' case under MCR 2.504(B)(1) for a failure to cooperate with discovery. MCR 2.504(B)(1) states:

> (B) Involuntary Dismissal; Effect
>
> (1) If a party fails to comply with these rules or a court order, upon motion by an opposing party, or sua sponte, the court may enter a default against the noncomplying party or a dismissal of the noncomplying party's action or claims.

As defendant argues on appeal, plaintiff had several opportunities to produce the records regarding accounts receivable: first, in response to defendant's requests for production, again after the trial court ordered plaintiffs to produce records of the accounts receivable, and a third time in response to defendant's motion to dismiss. Plaintiffs engaged in discovery violations by failing to produce the records of the accounts receivable by the deadline ordered by the trial court. However, as plaintiffs argued, this Court has held a trial court abuses its discretion by dismissing a case with prejudice without evaluating lesser sanctions on the record, or without considering any of the *Dean* factors. See *Duray Dev, LLC v Perrin*, 288 Mich App 143, 165-166; 792 NW2d 749 (2010). It is not our duty to independently evaluate the *Dean* factors when the trial court has failed to do so. See *Houston v Southwest Detroit Hospital*, 166 Mich App 623, 631; 420 NW2d 835 (1987) (declining to usurp the trial court's function of evaluating in the first instance whether dismissal was the most appropriate sanction).

The transcript of the hearing on defendant's motion to dismiss demonstrates that the trial court failed to provide any reasoning or explanation for imposition of the chosen sanction of dismissal with prejudice. The trial court did not address or explain which, if any, of the *Dean* or *Vicencio* factors it considered in dismissing the case with prejudice, and did not evaluate lesser sanctions. Because of the lack of analysis or explanation, the trial court erred in dismissing plaintiffs' claims. *Vicencio*, 211 Mich App at 506-507.

## III. CONCLUSION

The trial court abused its discretion when granting defendant's motion to dismiss plaintiffs' claims with prejudice. We vacate the trial court's order and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Christopher P. Yates