SCHELL v BAKER FURNITURE COMPANY

COLLINS v BAKER FURNITURE COMPANY

Docket Nos. 194794, 194795. Submitted March 11, 1998, at Grand Rapids. Decided November 6, 1998, at 9:05 A.M. Leave to appeal sought.

Ronda Schell and Sandra Collins, while represented by the same attorney, each brought an action in the Kent Circuit Court alleging sexual harassment by Baker Furniture Company. The cases were assigned to different judges, and neither case was resolved following a settlement conference and mediation. The cases became subject to a "Settlement Week" conference order by the chief judge of the Kent Circuit Court, which order required the presence of clients and persons with authority to settle at such conference. When Schell and Collins failed to appear for their consolidated settlement conference, which their attorney attended while having the authority to settle their claims, Chief Judge Dennis C. Kolenda, on his own motion, dismissed their actions with prejudice pursuant to MCR 2.401(G)(1) for their failure to attend the conference. Schell and Collins moved to set aside the dismissals, but the chief judge denied their motions. Schell and Collins appealed, and their appeals were consolidated.

The Court of Appeals *held*:

1. The chief judge abused his discretion in dismissing the plaintiffs' actions. Although MCR 2.401(G)(1) provides that failure to attend a settlement conference may be grounds for dismissal under MCR 2.504(B), dismissal is neither mandated nor warranted in the cases at bar. First, the Settlement Week conference constituted the second settlement conference for both plaintiffs. Second, the plaintiffs' counsel had authority to settle the plaintiffs' claims and engage in meaningful settlement negotiations. There was no evidence that the plaintiffs had avoided settlement discussions or repeatedly ignored court orders. Third, dismissal is a harsh sanction that should be reserved for the most egregious violations of the court rules. Fourth, the entry of the involuntary dismissal was improper because the chief judge failed to comply with MCR

2.504(B), which provides that a defendant may move for dismissal of the action or claim against the defendant where the plaintiff fails to comply with the court rules or a court order. MCR 2.504(B) provides no mechanism for a court to dismiss a case sua sponte as the chief judge did in these cases.

2. The chief judge's review, consideration, and reliance on the mediation evaluations in these cases was inappropriate. Under MCR 2.403(N)(4), a trial court acting as trier of fact may not open a sealed mediation evaluation filed with the court clerk until after the trial court has rendered judgment.

3. The chief judge's interim and temporary reassignment of the cases to himself for the purpose of conducting Settlement Week was not authorized under MCR 8.110(C)(3)(b) or 8.111(D)(4).

Orders of dismissal vacated; cases remanded to their assigned judges for further proceedings.

PRETRIAL PROCEDURE — SETTLEMENT CONFERENCES — PARTIES' FAILURE TO ATTEND — DISMISSAL OF ACTIONS.

A trial court has discretionary power to dismiss an action as a sanction for the plaintiff's failure to attend a scheduled settlement conference; dismissal must be on the motion of the defendant, and not on the court's own motion; dismissal is a harsh sanction that should be reserved for the most egregious violations (MCR 2.401[G][1], 2.504[B]).

*Harold S. Sawyer*, for the plaintiffs.

*Warner Norcross & Judd LLP* (by *Paul T. Sorensen* and *Tanya E. Buhk*), for the defendant.

Before: MARKEY, P.J., and GRIFFIN and WHITBECK, JJ.

PER CURIAM. In these consolidated cases, plaintiffs appeal by right the Kent Circuit Court Chief Judge's orders of March 12, 1996, dismissing their claims for their failure to personally appear for a special court-ordered settlement conference. We vacate and remand.

These cases arise out of two separate complaints of sexual harassment against defendant filed in 1994. The two plaintiffs hired the same lawyer and are targeting the same employee at defendant's company. Two different circuit judges presided over these cases, and each case was set for trial after initial settlement conferences held in 1995 did not resolve plaintiffs' claims.

On January 16, 1996, the chief judge ordered all parties to participate in a "Settlement Week" conference, stating that "[c]lients and persons with authority to settle shall be present" and that "[f]ailure to prepare for, attend, or meaningfully participate in this settlement conference *may result in the imposition of sanctions.*" (Emphasis added.) Counsel for the parties agreed to consolidate the settlement conferences for the two plaintiffs on Monday, March 11, 1996.

Neither plaintiff attended the settlement conference. Although plaintiffs' counsel originally informed his clients erroneously that they need not attend unless he contacted them, he apparently later attempted to reach both clients over the weekend to secure their appearance. Unfortunately, it appears that one client was confused with respect to attending either the Friday or the Monday court dates, and counsel could not timely contact the other. The facilitator conducting the settlement conference informed the chief judge that neither plaintiff was present, but defendant's counsel and a representative of defendant from out of state were ready to proceed. Immediately, the chief judge, already conducting court on other matters, ordered each case dismissed

with prejudice pursuant to MCR 2.401(G)(1) "[b]ecause plaintiff failed to appear for a duly-scheduled and duly-noticed settlement conference, which failure the order scheduling the conference said would result in an adverse judgment."

Plaintiffs moved to set aside the dismissals, but the chief judge denied the motions, finding that under MCR 2.401(G)(1) dismissal would not cause manifest injustice due in large part to the nuisance value awarded to plaintiffs' claims at mediation and because plaintiffs cannot evade the fault of counsel in advising his clients not to appear.[1]

---

[1] Specifically, the chief judge stated in his order denying plaintiffs' motions to set aside the dismissal, more accurately, motions to reinstate:

What those [nuisance value mediation] evaluations say is that both cases are, in the judgment of seasoned mediators, very weak cases, that neither plaintiff is likely to establish defendant's liability. MCR 2.403(K)(4). Had plaintiffs appeared, good faith settlement discussions ensued, and settlement not been achieved, each plaintiff would be entitled to continue with this case, even though the prospects for success do not appear good. However, because those prospects are poor, it is not manifestly unjust to now dismiss these cases because plaintiffs and their counsel did not cooperate with the Court. It would, to the contrary, be unjust to reinstate these cases, thereby ignoring a *failure to cooperate with the Court and taking time away from some other case where there had been compliance with court orders. When there are very real questions about the viability of a case, it is not unjust to end that case as authorized by the rules when the plaintiff does not proceed appropriately.* It may be that dismissing a strong case is not unjust when the plaintiff has ignored a settlement conference. Efforts to resolve cases are essential to the fair and orderly handling of crowded dockets, and standing up a court may forfeit any right to complain when the rules are enforced. Cf., *Hearn v Schendel*, 355 Mich 648, 653 [; 95 NW2d 849] (1959). That issue need not be confronted in these cases, however. Dismissing cases which the mediation process has identified as lacking in merit is not unjust.

Although plaintiffs raise several issues on appeal, they all boil down to whether the chief judge abused his discretion in dismissing plaintiffs' claims against defendant because plaintiffs did not attend the court-ordered Settlement Week negotiations. We conclude he did.

Because MCR 2.401(F) and (G) give the court discretion to dismiss a plaintiff's claims for failure to participate in pretrial proceedings, we review for an abuse of that discretion. Indeed, an unbiased person reviewing the evidence would conclude that the trial court had insufficient justification for determining that plaintiffs' complaints should be dismissed for their inadvertent failure to personally attend the second settlement conference in these matters. See *People v McAlister*, 203 Mich App 495, 505; 513 NW2d 431 (1994) *Banaszewski v Colman*, 131 Mich App 92, 95; 345 NW2d 647 (1983); see also *Jack's Factory Outlet v Pontiac State Bank*, 95 Mich App 174, 178-179; 290 NW2d 114 (1980) (imposition of discovery sanctions under GCR 1963, 313.2, the predecessor of MCR 2.313, also reviewed for an abuse of discretion).

MCR 2.401(F) and (G) read as follows:

---

. . . This year's Settlement Week was equally successful, resulting [in] 55% of the cases summoned, including several which would have taken 6-8 weeks to try and which settled for very large sums of money. *Not dealing sternly with plaintiffs' failures to appear would undermine the effectiveness of an extremely useful tool for preserving access to the courts.* It is not merely a matter of expediting settlements or docket control. Good docket management and settlements open up time for those cases which need it. [Emphasis added.]

*(F) Presence of Parties at Conference.* In the case of a conference at which meaningful discussion of settlement is anticipated, the court may direct that *persons with authority to settle the case,* including the parties to the action, agents of parties, representatives of lienholders, *or* representatives of insurance carriers:

(1) be present at the conference; or

(2) be immediately available at the time of the conference. The court's order may specify whether the availability is to be in person or by telephone.

*        *        *

*(G) Failure to Attend; Default; Dismissal.*

(1) Failure of a party or the party's attorney to attend a scheduled conference, as directed by the court, constitutes a default to which MCR 2.603 is applicable or grounds for dismissal under MCR 2.504(B).

(2) The court shall excuse the failure of a party or the party's attorney to attend a conference, and enter an order other than one of default or dismissal, if the court finds that

(a) entry of an order of default or dismissal would cause manifest injustice; or

(b) the failure to attend was not due to the culpable negligence of the party or the attorney.

The court may condition the order of the payment by the offending party or attorney of reasonable expenses as provided in MCR 2.313(B)(2). [Emphasis added.]

Dismissal is the harshest sanction that the court may impose on a plaintiff. Even though the court rules permit the imposition of this sanction in *appropriate* circumstances, we do not believe that it is either mandated or warranted in the cases at bar.

First, the 1996 Settlement Week in the Kent Circuit Court constituted the *second* settlement conference for both plaintiffs. "Settlement Week" is apparently an

effective, innovative attempt that has been held twice in the Kent Circuit Court within a four-year period to resolve certain cases short of trial; however, no court rule specifically authorizes the operation of this intensive, selective settlement effort.[2] Second, it is undisputed that plaintiffs' counsel had complete authority to settle the cases and engage in meaningful settlement negotiations. Both cases had been pending since 1994, had progressed without any problems and were ready for trial. Importantly, both cases had been mediated and had regular settlement conferences. There is no evidence whatsoever that plaintiffs had historically avoided settlement discussions or had repeatedly ignored court orders. Indeed, the miscommunication and misunderstanding that occurred between plaintiffs' counsel and plaintiffs was certainly not an intentional act of defiance of a court order, which makes the chief judge's automatic imposition of involuntary dismissal even more troubling.

Third, in a similar context, both this Court and legal commentators have recognized that under MCR 2.313(B)(2)(c),[3] the rule setting forth sanctions for

---

[2] Because it is not our role, we express no opinion regarding whether the Michigan Court Rules should be modified to facilitate the holding of "Settlement Weeks."

[3] While MCR 2.313

is supported by existing caselaw affirming the discretionary power of the court to dismiss an action or to enter a default judgment against a party who fails to comply with the discovery rules or who violates a court order mandating discovery, *that same caselaw indicates that those procedural sanctions are a "drastic" step, and should only be imposed for flagrant and wanton actions by a party. The willful, that is intentional, refusal of a party to comply with court ordered discovery would support such drastic steps.* [2

discovery failures, dismissal is warranted only in extreme cases.

Although MCR 2.401, unlike MCR 2.313, does not elaborate on the sanction options available to the court for a party's failure to participate in the litigation process, we believe that the intent underlying both provisions is the same: dismissal, the harshest sanction, should be reserved for the most egregious violations of the court rules. Indeed, the intent of MCR 2.401(F) is to ensure that the parties conduct meaningful settlement talks, which can only be accomplished where "persons with authority to settle the case, including the parties to the action [or] the agents of parties" are in attendance. Because in the case at bar, plaintiffs' agent, their counsel, had full authority to settle both lawsuits, it appears that the intent underlying the court rule was satisfied.

Neither can we read MCR 2.401(G) in a vacuum: it must be interpreted considering the purpose of the entire court rule on settlement conferences. To automatically dismiss a case that had proceeded through the litigation process for approximately two years, had been subject to one previous settlement conference, and had been mediated, merely for a party's failure to personally appear when no evidence exists that their personal appearance had any bearing on counsel's ability to settle the case, is an abuse of discretion and an inappropriate attempt to force a settlement. See *Henry v Prusak*, 229 Mich App 162, 170-

Martin, Dean & Webster, Michigan Court Rules Practice, p 367 (emphasis added).]

171; 582 NW2d 193 (1998), citing *Woods v Murdock*, 177 Mich App 210, 213; 441 NW2d 63 (1989). Moreover, we note that the wording of the court order mandating plaintiffs to personally appear advises that failure to attend "may result in the imposition of sanctions." The manner, however, in which the chief judge summarily ordered dismissal of these two cases was tantamount to a form of "strict liability;" consequently, it was an abdication of the exercise of any judicial discretion. Moreover, once the dismissal was entered, plaintiffs were faced with the burden of moving to reinstate the case pursuant to MCR 2.401(G)(2).

Fourth, we believe that entry of the involuntary dismissal was also improper because the chief judge failed to comply with MCR 2.504(B), as incorporated by reference into MCR 2.401(G)(1). According to the parties' presentation during oral argument, once the facilitator determined that plaintiffs were not going to attend the Settlement Week conference, he merely presented the chief judge with a prepared order for involuntary dismissal of plaintiffs' claims. The chief judge, who was at the time presiding over another matter, automatically signed the order.

MCR 2.401(G)(1) states that a party's failure to attend a scheduled conference constitutes *grounds* for dismissal under MCR 2.504(B). Thus, dismissal under MCR 2.401(G)(1) must proceed according to the strictures of MCR 2.504(B)(1), which states that "a defendant may *move* for dismissal of an action or a claim against that defendant" where the plaintiff fails to comply with the court rules or a court order.

(Emphasis added.) MCR 2.504(B) provides no mechanism for a court to dismiss a case sua sponte, nor do we find any evidence in the record that defendant moved to dismiss plaintiffs' complaints for their failure to personally attend the Settlement Week conference.

We doubt that this requirement is a mere technicality, i.e., that if these cases are reinstated, defendant will immediately move to dismiss or, that under these circumstances, defense counsel would have moved to dismiss at the time of the Settlement Week conference. Attorneys use their discretion regarding when to seek sanctions against the opposing party and will frequently opt not to pursue sanctions. We can surmise that that is, in fact, a reason the chief judge automatically dismisses or defaults parties who fail to comply with the exact letter of his Settlement Week order.

Here, the chief judge acted on his own initiative, irrespective of the requirements in MCR 2.401(G) and MCR 2.504(B), in dismissing plaintiffs' complaints. We believe, therefore, that the chief judge misunderstood the extent of his ability to dismiss cases under MCR 2.401(G).

Two other issues also warrant our resolution. We consider the chief judge's decision to review, consider, and, indeed, rely to some extent on the mediation award in ruling on plaintiffs' motion to set aside the dismissal to have been inappropriate. Under MCR 2.403(N)(4), the mediation clerk places a copy of the mediation evaluation and the parties' acceptances or rejections in a "sealed envelope for filing with the

clerk of the court." If the trial court is acting as the trier of fact, it may not open the envelope, and the parties may not reveal the evaluation amount until after the judge has rendered judgment. *Id.* Although an involuntary dismissal operates as an adjudication on the merits, see MCR 2.504(B)(3), as indicated, we have concluded that for several reasons the chief judge improperly entered the involuntary dismissal order, in which case the chief judge was not entitled to review the mediation evaluations, even though he was not the trial judge assigned to either case.[4] It also appears that justifying denial of plaintiffs' motion to reinstate on this basis was "boot strapping" under these particular facts. In sum, it is manifest that the contents of a mediation evaluation should not have any effect on a trial court's resolution of the merits of a case.

Finally, there is nothing in the chief judge rule, MCR 8.110, that permits a chief judge of a circuit court to temporarily reassign cases to himself for "Settlement Week" only. MCR 8.110(C)(3)(b) expressly permits the chief judge to direct the apportionment and assignment of the court's business, subject to MCR 8.111 regarding assignment of cases. MCR 8.111

---

[4] While this error may have been harmless, given the statements that the chief judge made in his order denying plaintiffs' motion to set aside the dismissal, we continue to believe that it was highly irregular for the chief judge to publicly reveal the mediation award. Neither the mediation briefs nor the mediation evaluation are available to the trial court for its review, so we see no purpose to be served by his review of the evaluation other than to give the appearance that cases with a high mediation award for plaintiffs would be less susceptible to dismissal under MCR 2.401. This untenable appearance should be avoided at all costs.

permits a chief judge to reassign cases "in order to correct docket control problems resulting from the requirements of this rule." MCR 8.111(D)(4). Nonetheless, even if the chief judge could implement Settlement Week under a broad reading of MCR 8.110(C)(3)(b), unsettled cases would remain assigned to their original judges. The chief judge's interim and temporary reassignment of the cases to himself for the sole purposes of conducting Settlement Week was not authorized under the court rules. Thus, we hold that the chief judge should not have entered any substantive orders in either of these consolidated cases.

In conclusion under the particular facts of these cases, we find that the chief judge abused his discretion: an unprejudiced person, reviewing the evidence before the court, would say that there was no justification or excuse for his automatic dismissal sua sponte of plaintiffs' longstanding complaints. Further, the chief judge should not have entered any substantive orders in these cases that were not properly assigned to him. We therefore vacate the orders of dismissal and the orders denying reinstatement and remand these consolidated cases back to their assigned judges for further proceedings consistent with the court rules.[5] We do not retain jurisdiction.

---

[5] We are aware of at least one recent unpublished opinion of this Court that reaches the opposite conclusion. It lacks precedential value. Moreover, we do not accept either its reasoning or its result. *Vanderploeg v Parisian*, unpublished opinion per curiam of the Court of Appeals, issued June 5, 1998 (Docket No. 196555).