*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TOMMY MEDINA,

      Plaintiff-Appellant,

v

KAYLA MARIE MCCOY and MICHAEL
EVERETT MCCOY,

      Defendants,

and

MIC GENERAL INSURANCE CORPORATION,

      Defendant-Appellee,

and

ADVANCED SURGERY, LLC and HUSSEIN
HURAIBI, MD, PLLC,

      Intervening Parties.

UNPUBLISHED
January 7, 2020

No. 344397
Wayne Circuit Court
LC No. 16-010585-NI

Before: RONAYNE KRAUSE, P.J., and METER and GLEICHER, JJ.

PER CURIAM.

The trial court dismissed this first-party no-fault case as a sanction for plaintiff's failure to name an expert witness and to supplement its production of the medical and attendant care bills at issue. Defendant's claims adjuster's file contained copies of many unpaid bills and an expert's report supporting that plaintiff's injuries were related to his accident. The trial court did not consider these facts before dismissing the case, and failed to evaluate on the record the appropriateness of a lesser sanction. We reverse and remand so that the court may fulfill both obligations.

-1-

I

Plaintiff Tommy Medina sustained injuries when his car was struck by a vehicle driven by Kayla McCoy in a t-bone crash. Medina brought a third-party case against McCoy and the owner of her car, combined with a first-party claim against defendant MIC General Insurance Company. The third-party case has settled.

The parties engaged in discovery. In January 2017, Medina submitted answers to defendant MIC's interrogatories and attached a number of unpaid medical bills. He promised to "supplement" the filing, but failed to do so after changing attorneys. Although Medina filed a witness list, he did not identify a retained expert. His six-page witness list did include the names of physicians who provided him with medical care for his accident-related injuries.

Meanwhile, MIC's claims adjuster for Medina's case compiled a file, and that file was produced in the circuit court.[1] The file includes a report written to MIC by Dr. James Pollina, an independent medical examiner, confirming that Medina's injuries were related to his accident. In relevant part the report stated:

> At this time, the examinee continues to be quite limited in his mobility. He is in obvious pain. He needs further treatment. I agree with the plan to proceed with radiofrequency ablation of either the facet joints or sacroiliac joints. I anticipate he will note some improvement with this treatment and will continue to require physical therapy.
>
> * * *
>
> I do feel his current lower back symptoms are related to the motor vehicle accident of October 1, 2015. His prognosis is guarded at this point. There is no significant structural abnormality noted on the scans. I feel it is a matter of getting the right type of injection done and then, he will begin to improve. I feel that he needs to continue to follow with pain management. I would recommend a reevaluation in six months if his symptom [sic] persist."

Also within the claims file are apparently unpaid medical bills totaling more than $148,000.

In response to MIC's request for admissions, Medina's current counsel identified by name the providers who had treated him for accident-related injuries and provided some but not all of their medical bills. MIC filed a motion to strike the bills, contending that they had been disclosed after discovery closed. MIC also contended that because Medina had failed to name any expert witnesses, he should be precluded from doing so. In response, Medina asserted that all of his providers had billed MIC directly, and that MIC's claims file contained all of the bills.

---

[1] An intervening plaintiff no longer a party to this litigation produced the file in November 2017 in support of its motion for partial summary disposition.

The trial court granted MIC's motion to strike and to preclude expert testimony, and dismissed Medina's case. The court explained its ruling as follows:

> Yeah, the Court does believe that MIC has made a persuasive argument that their relief in terms of striking the medical bills not produced during discovery, certain [sic] preclude individuals not named on the Witness List or in response to the Defense expert interrogatories.

> Again, I just, this isn't trial by ambush, we're on the eve of trial and this case has not been put together on [sic] Plaintiffs by any stretch.

> So the Court will be granting, for those reasons and as more fully set out in MIC's brief.

The order entered by the court reflected the substance of this ruling and dismissed Medina's claims against MIC in their entirety.

II

We review decisions regarding discovery sanctions for an abuse of discretion. *Jilek v Stockson (On Remand)*, 297 Mich App 663, 665; 825 NW2d 358 (2012). The trial court abused its discretion by failing to consider whether dismissal was an appropriate sanction under governing legal standards, including the availability of lesser and more proportionate sanctions.

"Dismissal is a drastic step that should be taken cautiously," *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995), and "should be reserved for the most egregious violations of the court rules." *Schell v Baker Furniture Co*, 232 Mich App 470, 477; 591 NW2d 349 (1998). "Before imposing such a sanction, the trial court is required to carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." *Vicencio*, 211 Mich App at 506-507. A trial court's failure to evaluate other options on the record constitutes an abuse of discretion. *Id*. at 507.

The nonexhaustive list of factors a trial court must consider when dismissing a case, includes:

> (1) whether the violation was willful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Id.*, citing *Dean v Tucker*, 182 Mich App 27, 32-33; 451 NW2d 571 (1990).]

A court should impose the sanction of dismissal "only when there has been a flagrant and wanton refusal to facilitate discovery," and where the failure has been "conscious or intentional," rather than "accidental or involuntary." *Frankenmuth Mut Ins Co v ACO, Inc*, 193 Mich App 389, 396-397; 484 NW2d 718 (1992). And "the mere fact that a witness list was not timely filed does not, in and of itself, justify the imposition" of a sanction that occasions the dismissal of the case. *Dean*, 182 Mich App at 32. "[W]hile rules of practice give direction to the process of

administering justice and must be followed, their application should not be a fetish to the extent that justice in a particular case is not done." *Id*.

This Court has emphasized that a trial court should give "careful consideration" to the *Dean* factors *on the record*, as well as options for just punishment of a discovery violation short of dismissal. See *Duray Dev LLC v Perrin*, 288 Mich App 143, 164-166; 792 NW2d 749 (2010). The record nowhere substantiates that the circuit court considered any of the *Dean* factors. Most notably, the trial court failed to consider whether Medina could support his first-party case based on the information that *had* been produced.

The record contains medical bills that are allegedly unpaid and related to Medina's accident. Further, the record includes Dr. Pollina's reports. These evidentiary items, standing alone, arguably provide Medina with evidentiary support for a prima facie first-party no-fault claim. Regardless of whether the trial court struck bills produced in an untimely fashion, it appears that Medina would have been able to present a jury-submissible claim even without the contested bills. If medical records in MIC's possession contain opinions rendered by Medina's treating physicians, the trial court must consider whether the plaintiff should be permitted to name the physicians as experts under MCR 2.401(I)(1)(b).

Further, as dictated in *Dean* and its progeny, the trial court must address all of the relevant factors on the record, with close attention paid to whether the discovery violation was willful or accidental, whether Medina's counsel has demonstrated a history of deliberate delay, and whether new counsel's efforts to cure previous discovery violations offset any possible prejudice to MIC's ability to effectively defend this case.

Accordingly, we reverse the dismissal of the case with prejudice and remand for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Patrick M. Meter
/s/ Elizabeth L. Gleicher

-4-