*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MIDWEST MEDICAL ASSOCIATES, INC.,

        Plaintiff-Appellant/Cross-Appellee,

UNPUBLISHED
February 11, 2021

v

LIBERTY MUTUAL INSURANCE COMPANY,

        Defendant-Appellee/Cross-Appellant.

No. 348806
Wayne Circuit Court
LC No. 17-007299-NF

Before: CAVANAGH, P.J., AND SERVITTO AND CAMERON, JJ.

PER CURIAM.

In this case concerning claims for personal injury protection ("PIP") benefits under the No-Fault Act, MCL 500.3101 *et seq.*, plaintiff, Midwest Medical Associates, Inc. ("Midwest Medical"), appeals the trial court's decision to dismiss its claims with prejudice. Defendant, Liberty Mutual Insurance Company ("Liberty Mutual"), cross-appeals the trial court's order denying Liberty Mutual's motion for case evaluation sanctions. For the reasons set forth below, we affirm the trial court's orders.

## I. BACKGROUND

This case stems from a motor vehicle accident that occurred on March 13, 2016, when Latoya Williams struck a concrete barrier while driving her vehicle in Detroit, Michigan. Midwest Medical was one of Williams's medical providers after the accident. Midwest Medical sought payment for the services that it had provided to Williams from Liberty Mutual, which Williams purported was her no-fault insurance provider at the time of the accident. Liberty Mutual refused to make payments. On May 15, 2017, Midwest Medical filed suit against Liberty Mutual, alleging breach of contract and alleging that it was entitled to declaratory relief. On May 25, 2017, our Supreme Court issued its opinion in *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017). Thereafter, Midwest Medical obtained an assignment of rights from Williams and successfully moved to amend its complaint. Liberty Mutual answered the amended complaint, generally denying liability. Discovery commenced.

In the month leading up to trial, Midwest Medical filed a motion for summary disposition and a motion to compel a deposition, both of which were denied as untimely under the trial court's

-1-

scheduling orders. At the beginning of the first day of trial, Liberty Mutual made an oral motion for a "directed verdict" or for "summary disposition," arguing that Midwest Medical could not "meet [its] burden of proof."[1] After hearing extensive oral argument from both parties, the trial court held that Midwest Medical was precluded from calling its billing manager, Akilia Jackson, to testify at trial because she was not listed on Midwest Medical's witness list. The trial court also held that Midwest Medical "failed to present a witness who could testify as to whether there was a valid contract of no-fault insurance at the time of the accident, which is an element [Midwest Medical] must prove for entitlement to PIP benefits." Although the trial court acknowledged that Midwest Medical intended to call Liberty Mutual's claims adjuster, Patricia Marstellar, the trial court noted that Marstellar was not available on the first day of trial because Midwest Medical had not validly subpoenaed her. The trial court determined that, without either witness, Midwest Medical could not present a prima facie case. Consequently, the trial court dismissed Midwest Medical's claims with prejudice. The trial court subsequently denied Liberty Mutual's motion for case evaluation sanctions, concluding that awarding no costs was in the interest of justice under MCR 2.403(O)(11). These appeals followed.

## II. MIDWEST MEDICAL'S APPEAL

### A. DENIAL OF MIDWEST MEDICAL'S MOTION TO COMPEL AND MOTION FOR SUMMARY DISPOSITION

Midwest Medical first challenges the trial court's decisions concerning its motions to compel and for summary disposition. Generally, we "review[] for an abuse of discretion a trial court's decision to decline to entertain motions filed after the deadline set forth in its scheduling order." *Kermerko Clawson, LLC, v RXIV Inc*, 269 Mich App 347, 349; 711 NW2d 801 (2005). We also review for an abuse a discretion "a trial court's decision to grant or deny a discovery request[.]" *Chastain v Gen Motors Corp*, 254 Mich App 576, 593; 657 NW2d 804 (2002). "[A]n abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *In re Waters Drain Drainage Dist*, 296 Mich App 214, 216; 818 NW2d 478 (2012) (quotation marks and citation omitted).

A trial court has the inherent authority to control its own docket and internal affairs. *Baynesan v Wayne State Univ*, 316 Mich App 643, 651; 894 NW2d 102 (2016). "This power is not governed so much by rule or statute, but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Maldonado v Ford Motor Co*, 476 Mich 372, 376; 719 NW2d 809 (2006). The trial court has the authority to issue and enforce scheduling orders controlling issues such as the time period for discovery. See MCR 2.401(B)(2).

With respect to the trial court's decision to decline to consider Midwest Medical's motion for summary disposition, under MCR 2.116(B)(2), a motion for summary disposition may be filed by a party "at any time." However, the court rule does not deprive the trial court of the "discretion to set a limit on the time within which a motion under MCR 2.116 may be filed, as provided by

---

[1] Although the parties and the trial court expected to move forward with a jury trial, it was later discovered that Midwest Medical had not made a jury demand or paid a jury fee.

MCR 2.401(B)(2)." *Kemerko Clawson*, 269 Mich App at 350. MCR 2.401(B)(2)(a)(*ii*) states that a trial court shall, at any time that would facilitate the progress of the case, "establish times for events . . . the court deems appropriate, including" the "filing of motions."

In this case, discovery closed in May 2018, and trial was scheduled to commence on January 28, 2019. The trial court stated its courtroom policy was that "motions for summary disposition must be filed at least 60 days prior to trial." However, Midwest Medical filed its motion for summary disposition on January 8, 2019, which was 20 days before trial and in violation of the trial court's policy on motions for summary disposition. Importantly, the original scheduling order required the parties to review the trial court's online policies. Midwest Medical does not dispute that the motion for summary disposition was not timely filed under the trial court's policy. Indeed, Midwest Medical conceded on the record that its motion was "late." Moreover, Midwest Medical did not seek leave from the trial court to file its motion past the date listed in the trial court's policy. Rather, Midwest Medical simply asked the trial court to consider the motion on the day of trial. Because a trial court is not obligated to accept late motions for summary disposition, we conclude that the trial court did not abuse its discretion when it ruled that it would not consider Midwest Medical's late-filed motion for summary disposition.

With respect to Midwest Medical's motion to compel, although discovery closed in May 2018, Midwest Medical did not bring the motion to compel the deposition of Liberty Mutual's adjuster until December 28, 2018. This was one month before trial was scheduled to commence. Although Midwest Medical also attempted to compel the deposition of Liberty Mutual's "adjuster" in February 2018, Liberty Mutual opposed the motion and the trial court denied that motion. The reasons for the trial court's decision are unknown. The order is silent as to the trial court's reasoning, and Midwest Medical did not provide this Court with the transcript of the hearing, which it purports contains the reasons for the trial court's decision. But the record does show that Midwest Medical argued the merits of its position as early as February 23, 2018, as to why the trial court should compel the deposition, and Midwest Medical's requested relief was denied. Midwest Medical has not appealed this ruling. Because Midwest Medical's December 28, 2018 motion to compel was made after discovery closed under the trial court's scheduling order, we conclude that it was not an abuse of discretion for the trial court to deny the motion on that basis. See *Chastain*, 254 Mich App at 593-594 (concluding trial court did not abuse its discretion denying motion to compel after discovery closed).

## B. DISMISSAL

Next, Midwest Medical challenges the trial court's decision to dismiss its claims. In doing so, Midwest Medical correctly points out that it is not entirely clear what authority the trial court relied on to dismiss its claims with prejudice. However, Liberty Mutual appeared to request, and the trial court appeared to grant, dismissal based on a lack of evidentiary support. This would amount to an adjudication on the merits. *ABB Paint Finishing, Inc v Nat'l Union Fire Ins Co*, 223 Mich App 559, 563; 567 NW2d 456 (1997). Cf. *Garrett v Washington*, 314 Mich App 436, 450; 886 NW2d 762 (2016) ("A dismissal of a suit without prejudice is no decision of the controversy on its merits, and leaves the whole subject of litigation as much open to another suit as if no suit had ever been brought.") (quotation marks and citation omitted).

This case is similar to *LaCourse v Gupta*, 181 Mich App 293; 448 NW2d 827 (1989). In *LaCourse*, the defendant argued in the trial court that the "plaintiff's failure to provide a witness list or comply with discovery barred [the plaintiff] from presenting the expert testimony necessary to sustain her burden of proof." *Id*. at 295. The trial court agreed and dismissed the plaintiff's complaint. *Id*. On appeal, the plaintiff argued that her case should not have been dismissed as a sanction, to which this Court held that the plaintiff's complaint was not in fact dismissed as a sanction. *Id*. at 296-297. This Court explained that "the sanction imposed was to prohibit [the] plaintiff from calling any expert witnesses," and summary disposition was then "granted because, in the absence of expert testimony, there was no genuine issue of material fact." *Id*. at 297. Similar to *LaCourse*, the trial court in this case precluded Jackson from testifying at trial and then appears to have granted summary disposition in favor of Liberty Mutual because, absent Jackson and Marstellar's testimony, there was no genuine issue of material fact.

Under MCR 2.116(I)(1), "[i]f the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court shall render judgment without delay." Thus, "[u]nder this rule, a trial court has authority to grant summary disposition sua sponte, as long as one of the two conditions in the rule is satisfied." *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (quotation marks and citation omitted). When deciding a motion for summary disposition, a trial court should consider "the substantively admissible evidence actually proffered[.]" *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999).

On appeal, Midwest Medical argues that the trial court's ruling was a "surprise" and notes that it was not provided with the opportunity to file a brief or make a detailed argument on the record. In short, Midwest Medical argues that it was deprived of due process.[2] In *Al-Maliki*, 286 Mich App at 485-486, this Court held as follows:

> Whether a party has been afforded due process is a question of law. Due process is a flexible concept, the essence of which requires fundamental fairness. The basic requirements of due process in a civil case include notice of the proceeding and a meaningful opportunity to be heard. Where a court considers an issue sua sponte, due process can be satisfied by affording a party an opportunity for rehearing.
>
> Under MCR 2.119(F), a trial court has discretion to grant rehearing or reconsideration of a decision on a motion. The rule allows the court considerable discretion in granting reconsideration to correct mistakes, to preserve judicial economy, and to minimize costs to the parties. The trial court may even give a party a second chance on a previously decided motion. Additionally, . . . any error

---

[2] Because Midwest Medical did not make due process violation arguments before the trial court, the issue would ordinarily not be preserved. However, by its nature, this issue is one that is typically raised for the first time on appeal, and this Court has authority under MCR 7.216(A)(7) to review this issue as if it was preserved.

by a court in granting summary disposition sua sponte without affording a party an adequate opportunity to brief an issue and present it to the court may be harmless under MCR 2.613(A), if the party is permitted to fully brief and present the argument in a motion for reconsideration. [Quotation marks and citations omitted.]

The trial court's February 15, 2019 order dismissed Midwest Medical's claims with prejudice, but indicated that it was not a final order because Liberty Mutual would "be filing Motions for taxable costs, case evaluation sanctions, and attorney fees under MCL 500.3148(2)." Midwest Medical filed a motion for reconsideration. However, Midwest Medical did not address the merits of the trial court's decision to dismiss its claims in the motion for reconsideration. Instead, Midwest Medical moved the trial court to enter a final order "so that [Midwest Medical could] file its appeal as of right[.]" Midwest Medical stated: "It has been over twenty-one days since entry of this order and [Liberty Mutual] has not filed its motions or in any way communicated with [Midwest Medical's] counsel regarding [its] intent or timeline in filing said motions."

Before the trial court ruled on Midwest Medical's motion for reconsideration, Liberty Mutual filed a motion for case evaluation sanctions and costs. Thereafter, Midwest Medical withdrew its motion for reconsideration, stating: "Now that [Liberty Mutual] has finally filed its motion, [Midwest Medical] is no longer in need of the relief requested in its March 8, 2019 order [sic]." Thus, because Midwest Medical was "permitted to fully brief and present [any] argument in a motion for reconsideration," any error on the part of the trial court for sua sponte granting summary disposition in favor of Liberty Mutual was harmless. See *Al-Maliki*, 286 Mich App at 486. The fact that Midwest Medical elected not to address the merits of the trial court's decision to dismiss its claim in the motion for reconsideration is inapposite.

With respect to the merits of the trial court's decision to dismiss Midwest Medical's claims, the trial court found that dismissal was appropriate because (1) Midwest Medical was precluded from calling its billing manager, Jackson, to testify as to the authenticity of its billing records and the reasonable and customary nature of its charges; and (2) Midwest Medical failed to properly subpoena for trial Liberty Mutual's claims adjuster, Marstellar, to testify as to the authenticity of the claims file. According to the trial court, without the billing records and claims file, Midwest Medical was unable to establish a prima facie case.

In Midwest Medical's breach of contract claim, it alleged that Liberty Mutual breached its obligation, under the policy of insurance and the No-Fault Act, to pay all no-fault benefits owed to Williams. Under MCL 500.3107(1)(a), no-fault benefits include "[a]llowable expenses consisting of reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." For an allowable expense to be compensable, three requirements must be met: (1) the charge must be reasonable, (2) the expense must be reasonably necessary, and (3) the expense must be incurred. *Nasser v Auto Club Ins Ass'n*, 435 Mich 33, 50; 457 NW2d 637 (1990). The burden of proving the reasonable necessity of a service lies with the plaintiff. *Id*. "An expense is 'reasonably necessary' if (1) it is objectively reasonable and (2) it is necessary for the insured's care, recovery, or rehabilitation." *ZCD Transp, Inc v State Farm Mut Auto Ins Co*, 299 Mich App 336, 342; 830 NW2d 428 (2012).

Because Midwest Medical stood in the shoes of Williams, it was Midwest Medical's burden to establish that Williams was entitled to payment for the services that Midwest Medical provided to her. See *Coventry Parkhomes Condo Ass'n v Fed Nat'l Mtg Ass'n*, 298 Mich App 252, 256-257; 827 NW2d 379 (2012) ("It is well established that an assignee stands in the shoes of an assignor, acquiring the same rights and being subject to the same defenses as the assignor."). This required Midwest Medical to establish that a valid contract existed between Williams and Liberty Mutual and that Williams was entitled to coverage under the policy.[3] See *Stanke v State Farm Mut Auto Ins Co*, 200 Mich App 307, 312-313; 503 NW2d 758 (1993).

As already stated, the trial court determined that dismissal of Midwest Medical's claim was proper, in part, because Midwest Medical did not have a witness present on the first day of trial to authenticate Liberty Mutual's claims file, which Midwest Medical indicated included the insurance policy between Williams and Liberty Mutual. However, on appeal, Midwest Medical argues that the claims file was admissible regardless of whether Marstellar testified because Liberty Mutual had provided Midwest Medical with a copy during discovery. To support that the copy was admissible without Marstellar's testimony, Midwest Medical relies on MRE 1003 and MRE 1004. However, even if MRE 1003 and MRE 1004 support that a copy of the claims file could be admitted into evidence, Midwest Medical fails to explain or rationalize how the copy of the file would automatically be admitted into evidence by virtue of these rules of evidence. Importantly, Liberty Mutual refused to stipulate to admission of its claims file into evidence on the first day of trial.

Midwest Medical also claims that it properly subpoenaed Marstellar for trial and was never permitted to depose her during discovery. However, we agree with the trial court that the subpoena was not properly served. Under MCR 2.506(C)(1), Midwest Medical was required to serve each witness: "sufficiently in advance of the trial or hearing to give the witness reasonable notice of the date and time the witness is to appear. Unless the court orders otherwise, the subpoena must be served at least 2 days before the appearance[.]"

It appears that Midwest Medical directed the subpoena to "Patricia Marstellar, c/o her attorney Briggite Chiroyan," who was the attorney representing Liberty Mutual. Liberty Mutual argued on the first day of trial that the subpoena was not timely. Liberty Mutual noted that e-mail service was "attempted" on "Friday at 4:56 PM." The trial court then clarified that Liberty Mutual

---

[3] Contrary to Midwest Medical's claim on appeal, the issue of whether a policy of insurance existed between Williams and Liberty Mutual at the time of the accident does not constitute a matter of an affirmative defense. That is, the issue does not allow for Midwest Medical establishing a prima facie case, with Liberty Mutual coming forth with some other reason why Midwest Medical should not prevail on that claim. See *Stanke v State Farm Mut Auto Ins Co*, 200 Mich App 307, 313; 503 NW2d 758 (1993). Rather, the argument directly controverts Midwest Medical's entitlement to prevail, and the argument directly denies that Midwest Medical can establish a prima facie case by stating that Midwest Medical will be unable to prove that there exists a policy of insurance issued by Liberty Mutual that provides coverage. See *id*.

was referencing Friday, January 25, 2019. The following exchange then occurred:

> *The Trial Court*: I don't think they're arguing that that was a valid notice. Are you?
>
> *Midwest Medical*: No.

Consequently, Midwest Medical agreed that it failed to properly serve the subpoena, thereby waiving any argument to the contrary. See *Hodge v Parks*, 303 Mich App 552, 556; 844 NW2d 189 (2014). Instead, Midwest Medical argued before the trial court that Liberty Mutual had failed to timely indicate that it was not calling Marstellar to testify at trial. However, if Midwest Medical wanted to present Marstellar's testimony at trial, it was Midwest Medical's responsibility to timely secure Marstellar's presence at trial. Moreover, as noted by the trial court, the January 23, 2019 pretrial order reflected that Liberty Mutual did not intend to call any witnesses at trial, with the exception of a potential rebuttal witness. "Error requiring reversal cannot be error to which the aggrieved party contributed by plan or negligence." *Phinney v Perlmutter*, 222 Mich App 513, 537; 564 NW2d 532 (1997), overruled in part on other grounds by *Garg v Macomb Co Community Mental Health Servs*, 472 Mich 263 (2005).

We further conclude that the trial court did not err by dismissing Midwest Medical's claims based on its conclusion that Midwest Medical could not establish a prima facie case. As already stated, in order to establish that it was entitled to relief, Midwest Medical had the burden of proving that there was a valid policy of insurance and that its charges were payable under MCL 500.3107(1)(a). Specifically, Midwest Medical had to establish that the charges were incurred, which required showing that Williams had become "liable to pay" Midwest Medical and that Midwest Medical had "expected compensation for its services." *ZCD Transp, Inc*, 299 Mich App at 342. See also *Karmol v Encompass Prop and Cas Co*, 293 Mich App 382, 390; 809 NW2d 631 (2011) ("a claimant's right to PIP benefits arises when the claimant finds himself or herself on the hook for an expense"). "*Any* insured who incurs charges for services must present proof of those charges in order to establish, by a preponderance of evidence, that he [or she] is entitled to PIP benefits." *Douglas v Allstate Ins Co*, 492 Mich 241, 269; 821 NW2d 472 (2012).

Midwest Medical was unable to meet this burden on the first day of trial. As already stated, Midwest Medical was unable to authenticate Liberty Mutual's claims file, which Midwest Medical indicated included the insurance policy between Williams and Liberty Mutual, because Marstellar was not present on the first day of trial as a result of Midwest Medical's failure to properly serve the subpoena. Moreover, Midwest Medical could not present its bills because Jackson was precluded from testifying at trial. Although not specifically challenged by Midwest Medical on appeal, we conclude that the trial court did not abuse its discretion by precluding Jackson from testifying.

MCR 2.401(I)(1) provides that all parties must file and serve witness lists within the time allotted by the trial court. "The witness lists must include . . . the name of each witness[.]" MCR 2.401(I)(1)(a). In this case, the trial court entered a scheduling order, which required the parties to exchange witness lists by November 6, 2017. Although Midwest Medical filed a timely witness list, Midwest Medical's witness list did not name Jackson as a witness. In the parties' joint final pretrial order, Midwest Medical listed "Akilia Johnson," which was an apparent error and meant

to refer to Jackson. However, Midwest Medical admitted that Jackson was not specifically named on its witness list. Based on this, the trial court precluded Midwest Medical from calling Jackson as a witness at trial.

We conclude that the trial court's ruling was not an abuse of discretion. Importantly, MCR 2.401(I)(2) provides that "[t]he court may order that any witness not listed in accordance with this rule will be prohibited from testifying at trial except upon good cause shown." As already stated, Midwest Medical failed to list Jackson on its witness list and never moved to supplement the list to include Jackson. Rather, Midwest Medical appeared on the first day of trial, apparently intending to call a witness that it had never named. At no point during oral argument did Midwest Medical indicate that it had good cause for failing to list Jackson as a witness. Instead, Midwest Medical claimed that it had informed Liberty Mutual that it intended to call Jackson as a witness on January 25, 2018. We fail to see how this established good cause, especially when considering that Liberty Mutual claimed that this statement was "disingenuous" and that it did not learn about Jackson was until the morning that trial was scheduled to commence. Based on this evidence, the trial court's decision to preclude Jackson from testifying was not outside the range of reasonable and principled outcomes.

Because without Jackson and Marstellar's testimony Midwest Medical could not "establish, by a preponderance of evidence, that [it was] entitled to PIP benefits," see *Douglas*, 492 Mich at 269, we conclude that the trial court did not err by dismissing Midwest Medical's claims, see *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996) ("If . . . [a] party cannot muster sufficient evidence to make out its claim, a trial would be useless and . . . summary judgment as a matter of law" is proper.) (Quotation marks and citation omitted.)

III.  LIBERTY MUTUAL'S CROSS-APPEAL

Liberty Mutual argues that the trial court abused its discretion by denying its motion for case evaluation sanctions under MCR 2.403(O)(11). We disagree.

This Court reviews a trial court's decision to invoke the MCR 2.403(O)(11) interest-of-justice exception for an abuse of discretion. *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 390-391; 689 NW2d 145 (2004). Any factual findings underlying the trial court's decision are reviewed for clear error. *Hardrick v Auto Club Ins Ass'n*, 294 Mich App 651, 660; 819 NW2d 28 (2011). "A finding is clearly erroneous when this Court is left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks and citation omitted).

Parties to case evaluation must "file a written acceptance or rejection of the panel's evaluation with the ADR clerk within 28 days after service of the panel's evaluation." MCR 2.403(L)(1). "If all the parties accept the panel's evaluation, judgment will be entered in accordance with the evaluation, unless the amount of the award is paid within 28 days after notification of the acceptances, in which case the court shall dismiss the action with prejudice." MCR 2.403(M)(1). "If all or part of the evaluation of the case evaluation panel is rejected, the action proceeds to trial in the normal fashion." MCR 2.403(N)(1).

MCR 2.403(O)(1) explains when costs may be assessed for failure to accept a case

evaluation award:

> If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the case evaluation.

The term "verdict" includes "a judgment entered as a result of a ruling on a motion after rejection of the case evaluation." MCR 2.403(O)(2)(c). "If the 'verdict' is the result of a motion as provided by subrule (O)(2)(c), the court may, in the interest of justice, refuse to award actual costs." MCR 2.403(O)(11).

In this case, the trial court explained, in relevant part, the following when denying Liberty Mutual's motion for case evaluation sanctions:

> [A]t the time of the case evaluation, the case evaluation was $20,000. There were recent Court of Appeals decisions [sic] that significantly affected [Midwest Medical's] cause of action [during the course of the proceeding]. So, for those reasons, the Court finds, pursuant to MCR 2.403[(O)(11)], the Court may, in the interest of justice, refuse to award actual costs. So, for those reasons, the Court is going to deny [Liberty Mutual's] request for case eval[uation] sanctions.

Thus, the trial court relied on the interest-of-justice exception contained in MCR 2.403(O)(11) when denying Liberty Mutual's motion. This Court has explained how broadly to read the interest of justice exception, such that the overarching policy to encourage settlement still serves a purpose:

> We believe that the exceptional nature of the "interest of justice" provision, the settlement-encouraging purpose of MCR 2.405, and . . . precedents of the Court set the broad parameters of the exception. Attempts to give meaning to the term "interest of justice" must fit within these parameters. We are mindful that this term is susceptible to broad readings that would consume the general rule of awarding fees and nullify MCR 2.405's purpose of encouraging settlement . . . . On the other hand, it would be inappropriate to read the term so narrowly that the exception itself would be effectively nullified. [*Luidens v 63rd Dist Court*, 219 Mich App 24, 33; 555 NW2d 709 (1996).]

In *Stitt v Holland Abundant Life Fellowship (On Remand)*, 243 Mich App 461; 624 NW2d 427 (2000), this Court concluded that the trial court abused its discretion when it awarded the defendant case evaluation sanctions in circumstances similar to this case. Specifically, in *Stitt*, we determined that the trial court should have applied the interest-of-justice exception because the relevant law was unsettled during the litigation and because the defendant appeared to be engaged in gamesmanship with the award. *Id*. at 472-477.

Similarly, in this case, relevant caselaw upended Midwest Medical's claims during litigation. Specifically, when Midwest Medical filed its claim, it did so days before our Supreme Court issued its opinion in *Covenant*. Before *Covenant* was decided, a medical provider could

bring a direct cause of action against an insurer for no-fault benefits. See *Covenant*, 500 Mich at 200 (deciding, as a matter of first impression, that "a healthcare provider possesses no statutory cause of action against a no-fault insurer for recovery of PIP benefits."). As a result, Midwest Medical had to obtain an assignment of rights and amend its complaint in order to maintain its cause of action. Midwest Medical obtained the assignment from Williams on July 17, 2017, and filed its amended complaint on August 7, 2017.

On May 8, 2018, this Court issued its opinion in *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182; 920 NW2d 148 (2018), which put Midwest Medical's claim in further jeopardy. Specifically, in *Shah*, this Court determined an assignee could not recover under the No-Fault Act for claims that occurred more than one year before the date of assignment. *Id*. at 204. Case evaluation was conducted on May 21, 2018, and Midwest Medical had until June 18, 2018, to accept or reject case evaluation. The parties do not dispute that Midwest Medical did not respond to the award, thereby rejecting it. Thereafter, on July 23, 2018, Liberty Mutual filed a motion for summary disposition. In relevant part, it argued that it was entitled to partial summary disposition on the basis of *Shah*. The trial court granted Midwest Medical's motion for partial summary disposition on the basis of *Shah*, thereby limiting Midwest Medical's recovery.[4]

While Liberty Mutual criticizes Midwest Medical for failing to act in light of *Shah*, Liberty Mutual itself took advantage of the situation by waiting until after Midwest Medical's case evaluation decision was due to file its motion for summary disposition. Although Liberty Mutual argues that "Midwest Medical could and should have known on May 21st that the case evaluation award of $20,000.00 was overly generous, and should have been accepted," the case evaluation award was less than Midwest Medical's claimed damages of $29,650. As already stated, at the time the case evaluation response was due, Liberty Mutual had not yet filed its motion for partial summary disposition. Thus, it was not until after the decision was due that the trial court held that Midwest Medical's claim would be drastically reduced to $1,500. While there is no evidence that Liberty Mutual was intentionally engaging in "gamesmanship," the timing of Liberty Mutual's motion essentially placed Midwest Medical in a no-win situation. Therefore, the trial court did not abuse its discretion when it denied Liberty Mutual's motion in the interest of justice. See *Stitt*, 243 Mich App at 473. Based on this holding, we need not consider Midwest Medical's claims that Liberty Mutual's motion was not timely filed.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto
/s/ Thomas C. Cameron

---

[4] The trial court concluded that Midwest Medical could "only pursue claims incurred by the claimant after August 7, 2016." Thus, it appears that the trial court erroneously concluded that the one-year-back rule applied from the date of the filing of Midwest Medical's amended complaint, as opposed to the date of the assignment. However, this erroneous holding is not relevant to any issues presented on appeal.